### H. Matilda Rogers v. Carrick B. Randall.

*Sidewalks: Trespass.* The removal by the village authorities, of a sidewalk which had been laid by the village at its own expense in front of plaintiff's lot, and used there for two years and kept in repair by plaintiff, is a trespass which is actionable.

*Trespass: Measure of damages.* The measure of damages in such case, where the act was not done with bad motives, but under the belief that it was right and lawful, is the value of the walk as it was when removed.

*Heard January 16. Decided January 27.*

Error to Allegan Circuit.

*J. V. Rogers,* for plaintiff in error.

*Silas Stafford,* for defendant in error.

GRAVES, CH. J.

We cannot regard this record with entire approbation. In respect to a portion of it, it appears to us exposed to criticism.

The action was trespass for taking up and removing a plank sidewalk which had been built by the side of the plaintiff's lot in the village of Plainwell. The circumstances were as follows:

The village authorities caused the walk to be laid down at the expense of the village, but on a grade prepared by the plaintiff. No assessment was ever made to collect the cost of the walk, and the plaintiff never paid for it. It was allowed to remain and be used for two years, and during that time the plaintiff kept it in repair. The village board at length directed the defendant, who was village marshal, to remove the walk to another part of the village, which was done. The circuit court was of opinion that the removal under these circumstances gave no cause of action. We are inclined to think otherwise.

Whether it was prudent or expedient for the village to lay down the walk at its own expense is wholly immaterial. Having done it, it was no more removable as the private property of the corporation, without the plaintiff's consent, than would have been a building firmly erected voluntarily and purposely by the village on the plaintiff's lot. The walk on being designedly and regularly laid down, and attached and made a part of the way, became appurtenant to the lot, and the plaintiff as owner of the lot became invested with a property right in the walk; no matter where the naked fee of the land burdened by the easement resided. The public had the right of use, and the local authorities were entitled to exercise the powers of control and supervision appropriate to public walks and ways, and were entitled to resort to whatever remedies the law affords to raise the expense.

The case does not require us to see whether the expense of this walk was collectible from the plaintiff. Whatever disturbance the plaintiff might suffer by the lawful exercise of these powers of control and supervision, either in respect to the earth along the side of the lot in the street, or in respect to the walk built there,

could not be the subject of an action. But for any thing beyond this she may complain. The act done here was plainly not one in the exercise of the mere power of control and supervision accorded to local officers over ways. The village asserted an exclusive proprietary right to the walk; claimed it adversely as private municipal property subject to discretionary disposition, and on that claim and assumption took it up and used it elsewhere. This was unauthorized, and was an illegal invasion of the plaintiff's property rights; a trespass for which the law gave a right to sue.

She was entitled to recover to the extent of her injury, and that, it appears to me, was the amount she was hurt by the loss of the walk and the mode' of its removal, not exceeding the value of the structure. The act does not appear to have been done with bad motives, but under the belief that it was right and lawful, and the value of the walk as down would probable replace it. The judgment must be set aside, with costs, and as we have no sufficient data to regulate the amount of recovery, there must be a new trial.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.