————o————

## James C. McDiarmid v. Oliver Caruthers and another.

*Trespass: Declaration: Distinct acts: Election.* Where a declaration in trespass is not for a continuing trespass begun at one time and continued up to another, but for a series of distinct acts of trespass, the first being laid on or about a specified day and the others at divers other times, it is competent for the court to put the plaintiff to his election by confining him to proof of either a single act prior to the date specified, or of so many as the truth allowed between that date and the commencement of suit.

*Trespass: Election: Rulings that do not prejudice.* Where under a declaration in trespass charging a series of distinct acts of which the first is laid on or about a specified day, the court at the outset has ruled that plaintiff must elect between a single act prior to the date specified, and so many as his proofs would warrant afterwards, and he has accordingly elected the latter, and offered no proof of the former, and it in no wise appears that he was in a situation to offer any, the ruling, if abstractly incorrect, is not shown to be prejudicial.

*Submitted on briefs April 12.    Decided April 18.*

Error to Allegan Circuit.

*Jacob V. Rogers,* for plaintiff in error.

*Stafford & Tomlinson,* for defendants in error.

34 MICH.—7.

GRAVES, J :

McDiarmid sued for trespass on lands. The action seems to have been commenced about September 1, 1874, and the declaration was filed on the fifth of that month. It alleged "that the defendants on or about the nineteenth day of August, 1874, and at divers other times during the year 1874, with force and arms, entered the close of the said plaintiff," etc. The defendants were acquitted by the jury, and the plaintiff complains that evidence offered by him was improperly excluded. The ruling occurred in this way: When the case was opened the plaintiff took the stand and after a few preliminary statements he swore that he saw the defendants on the land in question a great many times in 1874. His counsel then asked him at what particular time in 1874 he saw defendants upon that land, upon which defendants' counsel objected that the question was too general, and the claim in the declaration was read. The court decided that plaintiff was entitled to prove one act of trespass and no more before the 19th of August, 1874, or a trespass or as many trespasses as the truth allowed between the 19th of August, 1874, and the commencement of the suit, and in case of proof of a distinct act of trespass before the 19th of August, 1874, no other could be proved between that date and the commencement of suit. The plaintiff excepted, but proceeded to give evidence tending to show trespasses between the 19th of August and the commencement of suit. He made no offer of proof of a trespass earlier, and it does not appear that he was in a situation to make any. If, then, the ruling was not abstractly correct, we discover no ground for saying that the plaintiff was prejudiced by it. We may go further, however. The charge in the declaration was not for a continuing trespass begun at one time and continued up to another, but for a series of distinct acts of trespass, the first being laid on or about the 19th day of August, 1874. The court was therefore right in putting the plaintiff to his election and in requiring him to

adopt one of the two courses suggested in making proof of his cause of action.—*Gilbert v. Kennedy, 22 Mich., 5.* This disposes of the case.

The judgment should be affirmed, with costs.

The other Justices concurred.