*In re* NEW YORK EL. R. CO. *In re* PARCEL OF GREENWOOD *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

1. EMINENT DOMAIN—COMPENSATION—REVIEW ON APPEAL.
   On an appeal from an award of commissioners appointed to ascertain the compensation for damages from the construction of a railroad, the court will not interfere with the award because it is larger than the evidence in the printed record appears to require, as the commissioners may act on an inspection of the premises.

2. SAME—ELEMENTS OF DAMAGE.
   In ascertaining the compensation for easements taken by the railroad, the question is the value of such easements at the time legal steps were taken to acquire them, not whether the property has increased or diminished in value since the construction of the railroad.

3. SAME—OBJECTIONS TO EVIDENCE.
   An objection that, in a proceeding, the opinion of a witness, not an expert, as to the effect of an elevated railroad on values, was received, is not raised by a general objection to his testimony as incompetent, irrelevant, and immaterial.

4. SAME—INTERFERENCE WITH EASEMENT.
   In the absence of evidence, the presumption is that the owner of land abutting on a street owns the fee to the middle of the street, subject to the public easement, and has a right to maintain a vault under the street not interfering with the public easement, and to recover compensation for interference therewith by a railroad constructed in a street.

Appeal from special term.

Petition by the New York Elevated Railroad Company for the appointment of commissioners to ascertain and appraise the compensation to be made for property, easements, etc., taken by it for the purposes of its railroad. The petitioner appeals from the award by the commissioners of compensation to Mary McKay Greenwood and others, owners of property known as "No. 286 Greenwich Street," in the city of New York, and from the order confirming their report.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for appellant. *James M. Hunt,* for respondents.

VAN BRUNT, P. J. This appeal seems to be largely founded upon the fact (which does not appear upon the record, as far as we have been able to discover) that a jury has determined that the elevated railroad inflicted no rental damage upon the premises in question; but this fact, even if it exists, does not entitle the appellant to a reversal of the order appealed from. An examination of the evidence in this case seems to show that a very large quantity of irrelevant testimony was taken, and that but little was offered before the commissioners tending to elucidate the problem which they were appointed to solve. It may be true that the court, upon an examination of the evidence as it appears upon the printed record, might be of the opinion that the award of the commissioners is larger than should have been made under the circumstances; but this fact does not authorize the court to interfere with the award, because the commissioners are entitled to act upon evidence which does not

appear upon the record, namely, an inspection of the premises themselves, which often affords stronger proof that any oral testimony which can be adduced.

It is no doubt the fact that, in consequence of the removal of the farmers from this locality, property in this vicinity was temporarily injured in its rental value; but it is by no means certain that this was a permanent injury. On the contrary, it would appear to have been but temporary, during the period that the property in this neighborhood was in process of suiting itself to the changes of business which the removal of the farmers necessitated, and the question which was before the commission to be determined was not simply whether or not property had increased or diminished in value since the construction of the railroad, but what was the value of the easements taken by the elevated railroad, and to determine the value of which they had initiated this proceeding, which value must necessarily be as of the time when they took the legal steps to acquire the title.

It is also claimed that the commissioners erred in admitting the opinion of a witness, not an expert, as to what the effect of the elevated railroad was upon values. It is a familiar principle that in these proceedings the strict rules of law in regard to evidence are not to be applied, and that, unless manifest injury has been done by reason of the admission and consideration by the commissioners of improper proof, such admission forms no ground for interference with their award; but, when an appellant seeks to invoke a strict rule in reference to the admission of evidence, it is important that in the making of his objection he should observe the rules which are applicable under the circumstances. The objection now presented is exceedingly technical, and one which, to be effectual, required the grounds of the objection to be specifically stated. Upon the trial of a cause, if a party desired to rely upon an objection to the admission of evidence upon the ground here stated, it would be necessary for him to base his objection upon that ground. In this case no such objection was taken. It was simply that the testimony was incompetent, irrelevant, and immaterial.

It is also urged that the commissioners erred in awarding damages for injuries to the owner's vault, and this objection seems to be based upon the claim that there was not a particle of evidence given as to the origin or opening of Greenwich street, by either side. If that was the case, then the presumption would be that the abutting owner owned the fee to the middle of the street, subject to the public easement, and that he had a right to use the street for his private purposes, in so far as such use did not interfere with the public easement. Applying this presumption to the case at bar, it is clear that the owner of the premises in question would be presumed to have the right to maintain his vault so long as it did not interfere with the public easement, and to recover damages for the interference therewith by the railroad in case it did so interfere. The award and order appealed from should be affirmed, with costs. All concur.