HENRY PARISH, as Executor and Trustee of DANIEL PARISH, Deceased, Respondent, v. MATTHEW BAIRD, Appellant, Impleaded with THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

1. NEGLIGENCE — INJURY TO REAL PROPERTY — ABUTTING OWNER'S RIGHT TO DAMAGES FOR INJURY TO SIDEWALK.  The owner of premises abutting upon a city street, who is primarily liable for the construction and maintenance of the sidewalk in the street in front of his premises, may recover damages from any one who negligently injures the walk, rendering repair or rebuilding necessary.

2. EASEMENT — VAULT UNDER SIDEWALK.  A vault under the sidewalk, constructed, with the permission of the city authorities, by the owner of the abutting building, is an easement appurtenant to the abutting owner's premises, and is in itself a species of property which the owner may protect as fully as any other property.

3. MEASURE OF DAMAGES.  The measure of damages for an injury to a sidewalk, rendering its repair or rebuilding necessary, is the cost to the owner of the abutting premises of restoring the walk to its original condition.

4. LIABILITY OF STREET PAVING CONTRACTOR FOR INJURY TO SIDE-WALK.  When a contractor for paving a city street, under a contract requiring him to pile on the sidewalks along the line of the work a certain quantity of the stone to be used, throws the stones upon the walk in such a negligent manner as to injure it, he is answerable to the owner of the abutting premises for the resulting damages.

5. EVIDENCE — OPINION OF WITNESS AS TO CAUSE OF INJURY TO SIDE-WALK.  In an action for damages for the breaking of a flagstone sidewalk covering a vault, alleged to have been caused by the negligent piling of paving stones on the walk by the defendant, where not even expert testimony as to whether the damage could have resulted from the use of the walk by the defendant, or from some defect in the construction of the walk or the material used, is apparently called for, it is at all events proper to exclude the opinions of non-expert witnesses on the subject.

*Parish* v. *Baird*, 19 App. Div. 629, affirmed.

(Argued June 22, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages alleged to have been sustained by the plaintiff by the flagstones, composing

the sidewalk in front of his premises, having been broken by the piling of paving stones thereon by the defendant Baird.

The facts, so far as material, are stated in the opinion.

*John C. Shaw* for appellant. Having recovered a judgment solely on the ground of negligence, plaintiff cannot, on appeal therefrom, abandon that ground and seek to sustain such judgment upon a ground or theory upon which he has not recovered, and upon which this cause was not tried below. (*Stapenhorst* v. *Wolff*, 65 N. Y. 596; *H. Ins. Co.* v. *W. T. Co.*, 51 N. Y. 93.) It was error to permit the jury to guess whether the throwing of the paving stones on the sidewalk broke the flagstones. It was error to permit the jury to guess whether the weight of the paving stones was excessive or not. (*Ayers* v. *R. Ry. Co.*, 156 N. Y. 104; *Grant* v. *P. & N. Y. C. & R. R. Co.*, 133 N. Y. 657; *Jenney* v. *City of Brooklyn*, 120 N. Y. 164; *Dobbins* v. *Brown*, 119 N. Y. 188; *Babcock* v. *F. R. R. Co.*, 140 N. Y. 308.) Even if the court should conclude that there was sufficient evidence to justify the submission of the case to the jury on one of the two alleged negligent acts, yet it was error to submit it on both of such acts, unless as to each of them a case for submission was made out. (*Grant* v. *P. & N. Y. C. & R. R. Co.*, 133 N. Y. 657; *Ayers* v. *R. Ry. Co.*, 156 N. Y. 104; *Searles* v. *M. Ry. Co.*, 101 N. Y. 661; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Dobbins* v. *Brown*, 119 N. Y. 188.) It was error to exclude the evidence offered by defendant as to the weight a properly constructed sidewalk would safely bear. (*Hunt* v. *Mayor*, etc., 109 N. Y. 134; *McCaldin* v. *Parke*, 142 N. Y. 564; *Hart* v. *Naumburg*, 123 N. Y. 641; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Lafflin* v. *B. & S. R. R. Co.*, 106 N. Y. 136; *Craighead* v. *B. C. R. R. Co.*, 123 N. Y. 391; *Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Crocheron* v. *N. S. S. I. F. Co.*, 56 N. Y. 656; *Glasier* v. *Town of Hebron*, 131 N. Y. 447.) The breaking of the sidewalk, even if it was caused by any of the acts

alleged in the complaint, and even if Baird was liable there: for to some one, was not a cause of action in favor of the plaintiff, but was such only in favor of the city. (*City of Rochester* v. *Campbell*, 123 N. Y. 405 ; *Moore* v. *Gadsden*, 93 N. Y. 12 ; *Noonan* v. *Stillwater*, 33 Minn. 198 ; *Knupfle* v. *K. Ice Co.*, 84 N. Y. 488 ; *Russell* v. *Vil. of Canastota*, 98 N. Y. 496.) Even if, in any view, the plaintiff had any cause of action for the breaking of the flagstones, he did not have one to recover, as he did recover the sum of $1,745 as damages. (*Noonan* v. *Stillwater*, 33 Minn. 198.)

*Thomas P. Wickes* and *George C. Lay* for respondent. To sustain the judgment it is unnecessary to advance any theory which changes the form of the action. (*Gourdier* v. *Cormack*, 2 E. D. Smith, 200 ; *Hay* v. *Cohoes Co.*, 2 N. Y. 159 ; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195 ; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42 ; *Covert* v. *Valentine*, 50 N. Y. S. R. 516.) The plaintiff, as the owner of a vault privilege, and being under duties and responsibilities as to the maintenance of the sidewalk and vault, has such an interest in the preservation of the walk and vault as gives him a right of action against any person who injures them. (*Bidelman* v. *State of N. Y.*, 110 N. Y. 232 ; *Rogers* v. *Randall*, 29 Mich. 41 ; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354 ; *City of Rochester* v. *Montgomery*, 72 N. Y. 65 ; *Burns* v. *Bryant*, 31 N. Y. 453 ; *Larned* v. *Hudson*, 60 N. Y. 102 ; *Foley* v. *Wyeth*, 2 Allen, 135 ; *Carlton* v. *Cate*, 56 N. H. 130 ; *Brown* v. *Bowen*, 30 N. Y. 519 ; *Corning* v. *T. I. & N. Co.*, 40 N. Y. 191.) The rule as to the measure of damages was properly applied by giving the plaintiff the cost of restoring the sidewalk and vault to their original condition. (*Town of Ft. Covington* v. *U. S. & C. R. R. Co.*, 8 App. Div. 223 ; *Hartshorn* v. *Chaddock*, 135 N. Y. 116 ; *T. R. Co.* v. *Schofield*, 72 Tex. 496 ; *O. G. L. & C. Co.* v. *Graham*, 28 Ill. 73 ; 3 Suth. on Dam. 373.) The plaintiff is entitled to exemplary damages. (*Allaback* v. *Utt*, 51 N. Y. 651 ; Sedg. on Dam. §§ 366, 373 ; *Merest* v. *Harbey*, 5 Taunt. 442.)

O'BRIEN, J.   The plaintiff recovered damages for an injury to the real property of the testator, for which it was held that the defendant Baird was responsible.   It appears that the deceased owned a valuable building used for a store and offices at the northeast corner of Seventeenth street and Broadway in the city of New York.   The building had been constructed with vaults extending out under the sidewalk of Seventeenth street by permission from the city authorities.   Over the vaults the owner had constructed a sidewalk of stone flagging, consisting of large flat stones specially made, prepared and finished for that purpose.   Those stones had to be fitted together with considerable care and exactness in order to make a sidewalk that would be both useful and ornamental.   The walk was supported by iron beams and girders extending across the the vault supported by iron columns and brick arches.

In the year 1893 the defendant was engaged in repairing the street or roadbed in front of this building under a contract with the city which required him, before disturbing or making any alteration in the old roadway, to haul upon the line of the work at certain points, to be designated, a "sufficient quantity of stone blocks and bridge stones for the paving of at least the space between any two intersecting streets," and permitted him, after the inspection of such stones, to pile the same on the sidewalks along the line of the work.

The testimony on the part of the plaintiff tended to show that the defendant, before beginning the work, caused the stones to be used in paving the street in front of plaintiff's premises to be brought upon the ground, but instead of unloading such stone in the street and then piling the same "neatly on the front of the sidewalk," as he was required by his contract to do, he caused the same to be thrown or pitched to the sidewalk from the heavy two-horse wagons which brought them.   After several loads had been brought the defendant's employees piled up a wall of the stone near the building and another wall along the curb line, thereby making a large bin, which they filled with other stones brought afterward and thrown in as before.   It was observed by the plaintiff's

39

agent, and by others, that this proceeding was injuring the sidewalk.

The plaintiff's agent notified the parties in the employ of the defendant that they were injuring the sidewalk by the manner in which they were unloading the stones and piling them on the walk, but no attention was paid to this. Before the walk was used for unloading the stone and as a place for piling them, it was in substantially the same condition as when first laid, but when the paving blocks were removed it was found to be injured. Some of the flagstones were found to be broken and the joints, which were originally cemented, were in some cases opened. All this, it was claimed, resulted from the acts of the defendant, either in unloading the heavy blocks of stone with too much violence, or in placing too great a weight upon the walk. The case seems to have been tried upon the theory that there was negligence on the part of the defendant in unloading and piling the stone, and upon that theory it was submitted to the jury and a verdict for the plaintiff was found. The judgment was affirmed at the Appellate Division, and the decision was unanimous. On the question whether the proof sustained or tended to sustain the verdict we are concluded by this decision. The defendant must upon this appeal rely upon his exceptions at the trial directed to other questions than the sufficiency of the evidence to carry the case to the jury.

It is true that the walk was in the street and not upon the plaintiff's land, and it may be that he could not sell or remove it, but as between himself and the city he was primarily liable for its construction and maintenance. It was built at his expense, in the discharge of a duty or obligation, imposed upon him by law. It must be maintained at his expense, and hence the destruction of it or any injury to it by the wrongful or negligent act of another is the plaintiff's loss and, so far, an injury for which he may demand redress. Moreover, the vault over which the walk was laid and of which it was a part, was an easement appurtenant to the plaintiff's property, and in itself a species of property which the plaintiff may

protect as fully as any other property. Hence the plaintiff may recover damages from any one negligently injuring the walk, rendering its repair or rebuilding necessary. (*Bidelman* v. *State*, 110 N. Y. 232; *Rogers* v. *Randall*, 29 Mich. 41; *Trustees, etc.*, v. *Foster*, 156 N. Y. 354.)

The measure of damages for an injury of this character is the cost to the owner of the building of restoring the walk to its original condition, and proof of that fact was properly received. (*Hartshorn* v. *Chaddock*, 135 N. Y. 116; Sutherland on Damages, 1883, vol. 3, p. 373.)

The defendant called a witness and asked him to give an opinion as to whether it would be possible to break the flagstones on the walk if they had been laid as described and were of good material by piling the stones upon it. The answer was excluded under the objection of plaintiff's counsel. There was no error in this ruling. Whether the damage to the walk was the result of the use made of it by the defendant in unloading and piling the granite blocks upon it, or whether it resulted from some other cause, was a question to be determined by the jury, and it did not involve any question of science or peculiar skill calling for expert testimony, but, even if it did, the witness was not shown to be an expert.

There was some other proof offered by the defendant and excluded, calling for the opinion of witnesses not shown to be experts, as to the probable cause of the injury to the flagstones in the walk. The questions all called for an opinion on the point whether the damage could have resulted from the use of the walk by the defendant or from some defect in the construction of the same or the material used. There was no error in the ruling excluding the answers to questions of this character. They did not call for any fact bearing on the question but the bare opinion of the witness. There are no other exceptions in the case that require notice, and so the judgment should be affirmed, with costs.

All concur, except PARKER, Ch. J., not sitting.

Judgment affirmed.