In the Matter of the Petition of the BROOKLYN UNION ELEVATED RAILROAD COMPANY, Respondent, Relative to Acquiring Title to Real Estate or a Right of Way on Crescent Street, Broadway, Fifth Avenue, Myrtle Avenue, Lexington Avenue, Grand Avenue, Hudson Avenue, York Street, Adams Street and High Street in the Borough of Brooklyn and County of Kings, in the City of New York. Parcel No. 4, Premises 1364–1394 Broadway. JAMES H. HART, Owner, Appellant.

*Eminent domain — condemnation by an elevated railway of the rights of abutting owners — the damages determined as of the time of the award — evidence of past results is competent — the owner is not bound by the description of his land in the petition — presumption of title to the street — vaults are property — damages for their invasion.*

The damages awarded in a condemnation proceeding must be determined *eo instanti* as of the time of the award.

In such a proceeding evidence of past results is entitled to consideration in determining the effect of a continuation of the situation.

An owner in a condemnation proceeding is not bound by the description of his premises contained in the petition.

An owner of property abutting upon a street may in such a proceeding rely on the presumption that his title extends to the center of the street.

A vault under the sidewalk of a city street, constructed with the permission of the city authorities by the owner of the abutting buildings, is an easement appurtenant to the abutting owner's premises and is in itself a species of property.

In a proceeding instituted by an elevated railroad company against an owner of property abutting on a street in which the railroad is operated, to condemn all of the rights of such abutting owner which have been injuriously affected by the construction or operation of the railroad, the abutting owner is entitled to recover for the damages sustained by him in consequence of the fact that the pillars of the elevated railroad extend into and partially fill vaults which, with the consent of the city authorities, he has built beneath the sidewalk of the street after the construction of the elevated railroad.

APPEAL by James H. Hart from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of September, 1903, confirming the report of commissioners theretofore appointed in the above-entitled condemnation proceedings awarding nominal damages to the appellant.

*Cyrus V. Washburn* [*George W. Sickels* with him on the brief], for the appellant.

*Charles L. Woody* [*George D. Yeomans* with him on the brief], for the respondent.

MILLER, J.:

This is an appeal from an order confirming the report of commissioners awarding nominal damages to the appellant in condemnation proceedings. So far as the easements of light, air and access are concerned, the matter was fully litigated before the commissioners in respect to the relative injury and benefit to the appellant's property from the use of the street by the plaintiff. The appellant's property is located at the corner of Broadway and Gates avenue; the buildings thereon, used for stores and flats, were erected subsequent to the construction of the elevated railway, which was in operation in 1885, at which time that particular section of the city was sparsely built up. The construction of the elevated railway was fol-

lowed by a rapid increase of population in that section. It is undisputed that both the fee and rental values of the appellant's property have increased since the construction of the elevated railway, the decrease in the rentals of the flats being more than overcome by the increase in the rentals of the stores, the decrease in the former being partially accounted for by the condition of the property and by the erection of other and more modern apartment houses in that locality. The appellant concedes that substantial benefits to the property have resulted from the transit facilities afforded by the elevated in building up this section of the city, but insists that those benefits are past; that the trolley lines furnish adequate facilities at present and that the character of the structure in front of appellant's property is such as of necessity to cause damage. It is undoubtedly true that in condemnation damages must be determined *eo instanti* as of the time of the award. Evidence of past results, however, is entitled to consideration in determining the effect of a continuation of the situation. The evidence does not make it clear, as contended by the appellant, that the ratio of increase in value of this property has been less than that of similar property located in the vicinity but further removed from the elevated structure, and it is not clear from the evidence that the removal of the elevated now would cause the property to appreciate. It is undoubtedly true that this structure and the operation of trains upon it interferes with the easements of light, air and access. Upon a new trial, however, the interference caused by smoke, ashes and cinders from the engines would undoubtedly be eliminated owing to the change in the method of operation. The causes which enter into the growth of a section are not easy of exact computation. The commissioners had the opportunity of viewing the premises, and we might not be disposed to say from the record before us that they were wrong in concluding that the benefits to the appellant's property in the present situation equalled or exceeded the injuries to the easements of light, air and access.

However, a reversal of the order is required because of an error of the commissioners in rejecting evidence and thereby eliminating an element of damage which it was their duty to consider. The appellant sought to show that the use of vaults constructed by him

beneath the sidewalk and up to the curb line was interfered with by the pillars of the elevated road which extended into and partially filled said vaults. This evidence was rejected by the commissioners and the respondent seeks to sustain the award now upon the theory that the only easements condemned were those of light, air and access; that the petition of the plaintiff described the appellant's property as bounded by the street, and that there was no proof that the appellant owned the fee to the center of the street; that the elevated was constructed before the vaults, and that, therefore, whatever rights the appellant obtained by permission from the city to construct the vaults was subordinate to that of the plaintiff already in possession under permission of the city, and that in any event if the appellant has the right to use the vaults free from interference that right is not affected by the judgment in condemnation. The judgment in condemnation provides for taking not only the easements of light, air and access, but also "any other right, title, or interest whatsoever as abutting owner or otherwise, which may now be the subject of injury or inconvenience resulting from the structure of the said road or incidental to its use." The appellant was not bound by the description used by the plaintiff in its petition, and it being conceded that he was an abutting owner he had a right to rely upon the presumption that he owned to the center of the street. (*Paige* v. *Schenectady Railway Co.*, 178 N. Y. 102, and cases cited at p. 111.) "A vault under the sidewalk, constructed, with the permission of the city authorities, by the owner of the abutting building, is an easement appurtenant to the abutting owner's premises, and is in itself a species of property." (*Parish* v. *Baird*, 160 N. Y. 302.) The case last cited undoubtedly referred to a situation where the abutting owner did not also own the fee to the center of the street. One who owns the fee can undoubtedly subject it to any use which does not interfere with the easement of the public. It was proper, therefore, for the appellant to have proved the extent to which these pillars interfered with the use of the vaults, and the commissioners should have considered such evidence in determining the question of damages. (*Matter of New York Elevated R. Co.*, 12 N. Y. Supp. 857.)

For this reason the order confirming the report of the commis-

sioners must be reversed, and the proceedings remitted to the Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Final order reversed, with ten dollars costs and disbursements, and proceedings remitted for retrial before new commissioners to be appointed at Special Term.