## JORDAN *v.* THORP.

HIGHWAYS AND STREETS — SIDEWALKS — RIGHTS OF ABUTTERS —
OWNERSHIP OF FEE.

> The removal by city authorities of a cement sidewalk which
> has been built by the city in front of plaintiff's property is an
> actionable trespass, though plaintiff has procured a decree
> vacating the special assessment levied against the property
> for its cost.

Error to Bay; Shepard, J. Submitted November 14,
1905. (Docket No. 128.) Decided December 30, 1905.

Trespass quare clausum fregit by Andrew Jordan
against William H. Thorp. There was judgment for de-
fendant on a verdict directed by the court, and plaintiff
brings error. Reversed.

*Fred W. DeFoe* (*M. L. Courtright*, of counsel), for
appellant.

*S. G. Houghton* (*Lee E. Joslyn*, of counsel), for ap-
pellee.

OSTRANDER, J. The city of West Bay City constructed
a cement sidewalk in the street in front of plaintiff's lot
and levied a tax therefor, which, upon objection by plain-
tiff in proceedings for a decree against the lot, was held
void. Thereupon defendant, street commissioner of the
city, removed the walk and laid it in front of other prop-
erty. The fee of the street is, by the terms of the dedica-
tion of the plat, in the city. The dedication is claimed to
be ineffectual to convey such fee title. Plaintiff sued de-
fendant in trespass, alleging that on May 1, 1904, and on
divers other days between that day and commencement of
suit, defendant with force and arms entered upon lands
of the plaintiff, of which, subject to an easement in the
public, he was owner in fee, and broke, tore up, and

carried away the sidewalk. With the plea, notice was given that whatever defendant did was done in his official character and under instructions from the city, and that plaintiff owned neither the land nor the sidewalk. The case coming on for trial in the circuit court, a verdict for defendant was directed.

There are 14 assignments of error, the only one relied upon being the last, which is that the court erred in directing a verdict for defendant. The testimony offered on the part of plaintiff tended to show that, finding the street commissioner engaged in breaking the walk into sections and preparing to remove it, plaintiff interfered. After consultation, the walk was so replaced that plaintiff could use his premises, and the agreement reached that nothing further be done until after action by the council. Plaintiff explained that if some responsible party undertook to remove the walk he should not resist. At the next meeting of the council, which was April 18, 1904, the commissioner (defendant) was instructed to remove the walk and place it in front of city property. It was afterwards, and on or about April 20th, that the walk was taken away.

It is said by counsel for defendant that, independent of other considerations, judgment must stand, because, under the declaration, plaintiff could show but one trespass prior to May 1st. *Gilbert* v. *Kennedy*, 22 Mich. 5; *McDiarmid* v. *Caruthers*, 34 Mich. 49. Having shown two, and refusing to elect upon which to stand, no verdict could be entered for plaintiff. In reply it is said that counsel requested the court to permit them to amend the declaration so as to allege a trespass on April 1st, with continuendo. The matter of the amendment was disposed of finally in the following manner:

" *Mr. Joslyn:* We ask counsel for the plaintiff to now elect whether they will claim a trespass under date of April 18th, before the meeting of the common council, or about April 22d, after the meeting of the common council.

" *Mr. Courtright:* We go on the theory that the decla-

ration is treated as amended, and the date May 1st is April 1st.

"*The Court:* No, I have not ruled on that yet. I think I will let you stand on the one trespass previous to the 1st of May. It is a question of discretion, and I question very much whether the case would warrant an amendment. The testimony is all in, and if the Supreme Court shall say that there ought to be an amendment they will treat it so, and make the amendment accordingly. (Exception taken.)

"*Mr. Joslyn:* Which date do you claim under the trespass, prior to the meeting of the council on April 18th or after?

"*Mr. Courtright:* We claim you cannot compel us to elect."

The court disposed of the case for reasons indicated by the following excerpt from his charge:

"The plaintiff suffered no damage. He paid no money for it. He protested against its being built; declared he would not pay for it, practically determined and declared it was of no benefit to his property, and had never in any way or in any manner expended anything upon the walk. If the city had laid that walk, or a pavement along in front of that property in the street, outside of the sidewalk line, or built any structure in the street there of its own volition and without the concurrent desire of the property owner, they would be entitled to remove any such structure that they had built."

The declaration charges, and the proof was directed, so far as a recovery was concerned, to a single trespass, which took place when the sidewalk was torn up and carried away. Upon the authority of *Rogers* v. *Randall*, 29 Mich. 41, it was error for the court to direct a verdict for defendant.[1] The case should have been submitted to the jury, with proper instructions upon the subject of damages.

Judgment is reversed, and a new trial granted.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.

[1] See *Platt* v. *Village of Oneonta*, 84 N. Y. Supp. 699.—REPORTER