### FIX v. BELLEW–MERRITT CO.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. MUNICIPAL CORPORATIONS (§ 663*)—INJURY TO SIDEWALKS—OWNER'S REMEDY.

One who must lay and maintain a sidewalk in front of his premises can recover from one who negligently injures it the cost of restoring it.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 663.*]

2. TRIAL (§ 333*)—VERDICT—CONFORMITY TO PROOF.

An award of damages in excess of the proof is improper.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 333.*]

Appeal from Westchester County Court.

Action by Joseph Fix against Bellew-Merritt Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed, on condition of remittitur; otherwise reversed, and new trial ordered.

Argued before JENKS, BURR, RICH, CARR, and WOODWARD, JJ.

Alfred E. Smith, for appellant.
Frederick P. Close, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

CARR, J.   The defendant, under permission of the village of Tuckahoe, made an excavation in one of the village streets for the purpose of laying conduits for the use of telephone wires.   This excavation proceeded along the street in front of the plaintiff's property.   He complains that the defendant piled negligently on his sidewalk such large masses of excavated material as to injure the sidewalk and to interfere with access to his house.   He sued for $1,000 damages, which he claimed to have arisen as follows: Five hundred dollars for damages to the sidewalk, and $500 for damages from the temporary impairment of access.   He recovered a verdict for $250, and from the judgment entered on this verdict the defendant now appeals.

It appears that under the village charter it was the duty of the plaintiff to lay and maintain in good condition a sidewalk in front of his premises.   This being so, if the sidewalk was injured through the negligence of the defendant, the plaintiff had a cause of action against the defendant for damage, the measure of which would be the reasonable cost of restoring the sidewalk to its original condition.   Parish v. Baird, 160 N. Y. 302, 54 N. E. 724.   The question of negligence was for the jury, and upon the record in this case we cannot say its finding was against the weight of evidence.

The verdict rendered, however, was for an amount in excess of the proof.   The evidence of the plaintiff as to his actual expenses for repairs shows items aggregating only $109.25, with an additional item of $50 as the reasonable cost of repairing a portion of the sidewalk said to have been injured by the defendant, but not actually repaired by the plaintiff, making altogether damages proved at $159.25.   The verdict, therefore, was in excess of the proof of damages in the amount of $90.75.   If the jury included this sum as damages for interference with the plaintiff's right of access, there was no evidence to justify any award of more than nominal damages on that score, as no actual damage was proved.

The judgment and order should be reversed, and a new trial ordered, costs to abide the event, unless the plaintiff stipulates in writing within 20 days to reduce the amount of the judgment by deducting therefrom the sum of $90.75, in which event the judgment and order are affirmed, without costs of this appeal.   All concur.