In re TITUS STREET IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 24, 1910.)

1. EMINENT DOMAIN. (§ 124*)—AWARD OF DAMAGES—TIME OF VALUATION.
   Damages are to be awarded as of the date when the award is made.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 340, 341; Dec. Dig. § 124.*]

2. EVIDENCE (§ 571*)—ASSESSMENT OF DAMAGES BY COMMISSIONERS—TESTIMONY OF EXPERTS—EFFECT.
   Where commissioners are authorized or required to view the premises, and such view is made, they are not bound by expert testimony as to value.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2397; Dec. Dig. § 571.*]

3. EMINENT DOMAIN (§ 238*)—ASSESSMENT OF COMPENSATION—ACTION ON REPORT OF COMMISSIONERS—REVIEW THEREOF.
   In absence of matters in the records showing that improper rules were adopted in arriving at damages, the amount fixed by the commissioners will not be interfered with on appeal, but where the record shows an improper application of rules to determine damages, the Appellate Division is justified in refusing to sanction the confirmation of their report at Special Term, or, in other words, the power and duty to review its act, in confirming or refusing to confirm their report, presupposes author-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ity to determine whether the constitutional rights of individuals to a just compensation have been met.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619; Dec. Dig. § 238.*]

4. EMINENT DOMAIN (§ 231*)—COMPENSATION—ASSESSMENT BY COMMISSIONERS—ARBITRARY DETERMINATION.

It is not within the power of commissioners of estimate and assessment of the city of New York to arbitrarily set up their own opinion against that of the witnesses called by the city, and to award damages largely below the figure to which the moving party is committed, without something appearing to justify it.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 588; Dec. Dig. § 231.*]

5. EVIDENCE (§ 265*)—ADMISSIONS—EFFECT.

When a party comes into court and makes an admission against his interest, it is presumed to be true, and no court or judicial tribunal is justified in assuming it is not, without at least pointing out the reason for discrediting it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1029; Dec. Dig. § 265.*]

6. EVIDENCE (§ 265*)—ASSESSMENT OF COMPENSATION BY COMMISSIONERS—EFFECT OF ADMISSIONS AS TO VALUE.

The presumption as to the truth of an admission against one's interest as to the value of property assessed by commissioners in condemnation proceedings is not to be overcome by the fact that they might themselves have reached a different conclusion on viewing the premises.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1029; Dec. Dig. § 265.*]

7. EMINENT DOMAIN (§ 238*)—ASSESSMENT OF COMPENSATION BY COMMISSIONERS—REVIEW THEREOF.

Where the evidence produced by the moving party in condemnation proceedings fixes the sum to be allowed for property, without disagreement in the testimony for such party, commissioners are not authorized to ignore it, or substitute their own opinion so as to preclude a review of their determination.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619; Dec. Dig. § 238.*]

8. CONSTITUTIONAL LAW (§ 281*)—DUE PROCESS OF LAW.

For commissioners assessing damages in condemnation proceedings to ignore testimony and substitute their own opinion so as to preclude a review of their determination is not in harmony with due process of law, which is always demanded where the rights of property are involved.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 880; Dec. Dig. § 281.*]

Burr, J., dissenting.

Appeal from Special Term, Queens County.

Condemnation proceedings by the City of New York to acquire lands for opening and extending a street. From an order confirming the report of commissioners of estimate and assessment, Ernest A. C. Schoof, executor of Louisa Burger, deceased, appeals. Reversed.

Argued before WOODWARD, BURR, THOMAS, and CARR, JJ.

Benjamin Trapnell, for appellant.

Joseph G. Mathews (Joseph J. Myers, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.    It is conceded that all the steps were taken in due and proper form leading up to the award of damages in this proceeding, and the only question presented on this review is the alleged inadequacy of the award of $7,626, this being the amount testified to by the city's own expert witness on the 21st day of November, 1905. The proceeding dragged along, and on the 4th day of June, 1908, the same witness was re-examined as to the value of the premises at that time, and he testified that owing to changed conditions the property was worth $9,531, while the witnesses called by the appellant, who filed objections to the preliminary report, reached as high as $16,357, the next lowest figure being $16,117.    Notwithstanding the testimony of the city's own witness that the property had increased in value nearly $2,000, and with nothing on the record to show any reason for questioning this testimony, the commissioners adhered to their original figure.    The learned court at Special Term has confirmed this award, and the appellant comes to this court and asks for a reversal of the order.

It is not to be doubted that in condemnation proceedings damages are to be awarded as of the date when the award is made (Matter of Brooklyn Union El. R. R. Co., 105 App. Div. 111, 93 N. Y. Supp. 924), and if it was in fact true that the premises were worth considerably more in 1908 than they were in 1905, then it was the duty of the commissioners to recognize this fact and to make their award accordingly.    There is no conflict in the authorities submitted on either side of this controversy.    The rule is well established, as insisted by the respondent, that where commissioners are authorized or required to view the premises, and such view is made, the commissioners are not bound by the testimony of experts, and that in the absence of matters in the record showing that improper rules have been adopted in arriving at the damages, the amount fixed by the commissioners will not ordinarily be interfered with, but it is equally the law that where the record does show an improper application of rules to the determination of the damages, that this court is justified in refusing to sanction the confirmation of a report.    In other words, the power and the duty to review the act of the court at Special Term, in confirming or refusing to confirm a report of commissioners, presupposes authority in the Supreme Court to determine whether the constitutional rights of individuals to just compensation for the property taken for public purposes have been met.    In the present case the testimony of one Ryan, called by the city of New York, the moving party in taking the premises of the appellant, appears to have been accepted in 1905 as controlling; his exact figures were adopted in the preliminary report.    This action on the part of the commissioners must be looked upon as an expression of their confidence in his judgment and integrity at that time.    More than two years later, with no fact appearing in the record to discredit this same witness, he testified on behalf of the city of New York that the premises were worth nearly $2,000 more, owing to changed conditions, and without a particle of evidence in the record to combat this testimony, and with the appellant's witnesses placing the figure far above those named by Ryan, the commis-

sioners adhered to the original award. So far as any evidence appears in the record, the city of New York, desiring to take the premises, says the damages are $9,531, while the commissioners, charged with the duty of making just compensation to the party whose premises are taken, say that the city of New York does not know the value of the property; that it is in fact nearly $2,000 less than its own witness says. We do not think that this is meeting the requirements of the law; we do not believe that it is within the province of commissioners to arbitrarily set up their own opinion against that of the witnesses called by the city, and to award damages largely below the figure to which the moving party is committed, without something appearing in the record to justify such action. When a party comes into court and makes an admission against his interest, no court or judicial tribunal is justified in assuming that the admission is not true without at least pointing out the reason for discrediting it; it carries with it the presumption of truth, and this presumption is not to be overcome by the mere fact that the commissioners might themselves have reached a different conclusion upon the viewing of the premises. It ought at least to have appeared in the record that the commissioners viewed the premises at or near the time that the testimony of Ryan was taken in 1908, but our attention is not called to any such fact, although it appears that they did view the premises earlier in the proceeding. This view of the commissioners, it seems to us, is for the purpose of enabling the commissioners to give the proper weight and effect to the evidence before them, and it might justify them in giving larger damages than some of the witnesses thought proper, or even less than some of them declared to be sustained, but where the evidence produced by the moving party in a proceeding for taking property for public purposes fixes a sum, without any disagreement in the testimony on that side, we are of the opinion that the cases do not justify a holding that the commissioners are authorized to ignore such testimony and to substitute their own opinion, in such a manner as to preclude the Supreme Court from reviewing the determination. That is not in harmony with that due process of law which is always demanded where rights of property are involved, and would make it possible for a corrupt commission to entirely disregard the rights of the individual to the undisturbed enjoyment of his property, or its equivalent. On the face of this record, it seems to us, the commissioners have adopted an erroneous rule in the determining of the damages sustained by the appellant, and the order appealed from should, therefore, be reversed.

The order appealed from should be reversed, and the matter should be sent to new commissioners to determine.

THOMAS and CARR, JJ., concur.

BURR, J. I dissent. The evidence clearly establishes that the commissioners viewed the premises at various times during the course of the proceedings. I do not see how we can set aside their deter-

.mination, in view of that fact, upon the evidence in this case, without overruling all of the decisions from Matter of Brook Avenue, 8 App. Div. 294, 40 N. Y. Supp. 949, to Matter of Simmons, Ashokan Reservoir, 132 App. Div. 575, 116 N. Y. Supp. 952.