## In re BELMONT STREET IN THE CITY OF NEW YORK.

### In re SWAIN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. EMINENT DOMAIN (§ 242*) — PROCEEDINGS TO ASSESS COMPENSATION—CONCLUSIVENESS OF AWARD.

Commissioners were appointed in a proceeding to acquire title to land by condemnation and damages were awarded to respondent, the commissioners' report expressly stating that they did not allow interest thereon. The award was confirmed and demand made on the comptroller for payment with interest from the time title vested in the city, which was refused. A motion was made to compel the comptroller to pay the award under Greater New York Charter (Laws 1901, p. 426, c. 466) § 1001, providing that upon the comptroller's failure to pay an award he may be compelled to do so upon the application of the person entitled thereto, which motion was not opposed by the city, and an order was entered directing its payment, with interest thereon. Greater New York Charter (Laws 1901, p. 419, c. 466) § 990, provides that interest on an award, upon the vesting of title in the city, shall be allowed by the commissioners as part of the compensation to the owners. Held, that the confirmation of the commissioners' report was conclusive and final until set aside, and the court had no power to allow interest in a collateral proceeding to compel payment, even though the motion was not opposed.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 242.*]

2. EMINENT DOMAIN (§ 247*)—PROCEEDINGS TO ASSESSMENT—COMPENSATION—INTEREST ON AWARD—NECESSITY OF DEMAND.

In eminent domain proceedings by the city to take land, if the owner claimed interest on the award under Greater New York Charter (Laws 1901, p. 419, c. 466) § 990, providing that interest shall be allowed by the commissioners as a part of the compensation to owners for land taken, he must make his claim therefor before the commissioners, and on refusal to allow it in their report he must oppose its confirmation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 640; Dec. Dig. § 247.*]

3. EMINENT DOMAIN (§ 249*)—REMEDY OF OWNERS—DEFENSES—IRREGULARITY OF ORDER ALLOWING INTEREST.

Where the interest on an award for land condemned by the city was not allowed in the report of the commissioners, as required by Greater New York Charter (Laws 1901, p. 419, c. 466) § 990, so that a subsequent order in a collateral proceeding allowing interest was wholly irregular and contrary to law, the city was not estopped to deny the owner's right to payment of interest.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 249.*]

4. APPEAL AND ERROR (§ 221*)—OBJECTIONS NOT TAKEN BELOW.

Though an order granting a motion for interest on an award of damages in eminent domain proceedings by a city was not opposed, it being wholly irregular and contrary to law, the order will be reversed on appeal by the city without costs to either party on appeal, since if the motion had been opposed, it would not have been granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1363; Dec. Dig. § 221.*]

Appeal from Special Term, New York County.

In the matter of proceedings for the opening of Belmont street, in which Harold Swain and another moved to compel payment of an award. From an order denying a motion to set aside an order allow-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing interest on the award, or to have the order reopened and the matter reheard, the city appeals. Reversed, and order vacated, upon conditions.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

John P. Dunn, for appellant.

Harold Swain, for respondent.

McLAUGHLIN, J. In May, 1904, commissioners were appointed in the proceeding to acquire title to Belmont street, from Clay avenue to Morris avenue. They subsequently made a report by which they awarded to the respondent, for damages to his premises, designated as Nos. 9 and 10 on damage map of the commissioners of estimate and assessment, $7,500, and their report was confirmed by an order of the court on the 4th of December, 1907, and notice thereof given to the comptroller, with a demand for payment of the same, together with interest thereon from the 26th of November, 1906, the time when it is claimed the title to such parcels vested in the city. . The award was not paid, and a motion was thereafter made, under section 1001 of the Greater New York Charter (Laws 1901, p. 426, c. 466), to compel the payment of the award, together with interest upon the same from the time stated. By reason of an oversight or neglect upon the part of the corporation counsel, no opposition was made to the motion, and on February 5, 1908, an order was entered directing the payment, with interest from the time stated. The comptroller refused to obey the order, upon the gound that it was improperly granted, and thereafter a motion was made to vacate the order directing payment of the award and interest thereon, or to have the proceeding which resulted in the order reopened and the matter reheard de novo. The motion was denied, and the city appeals.

The conclusion at which I have arrived renders it unnecessary to determine when the title to the parcels in question actually vested in the city, or whether or not the respondent is entitled to interest upon that award. Nor is the fact that the city, after it is claimed that title vested in it, assumed control over the parcels and has since retained rent for them of any importance; whether or not the respondent was entitled to interest depended solely upon the report of the commissioners of estimate and assessment. Section 990 of the Greater New York charter provides, among other things, that:

"In such cases interest at the legal rate on the sum or sums to which the owners, lessees, parties or persons are justly entitled upon the date of vesting title in the city of New York, as aforesaid, from said date to the date of the report of the commissioners of estimate shall be allowed by the commissioners, as part of the compensation to which such owners, lessees, parties or persons are entitled."

Here the commissioners not only did not allow interest to the respondent, but specifically reported that they did not do so. In their report they said:

"We further report that we have not included in our award for damage any interest on the same * * * and have made no provisions in our assessments for benefit for any interest on the awards for the lands * * *

lying within the lines of said Belmont·street between the westerly side of Topping street and Morris avenue."

Parcels Nos. 9 and 10 on the damage map in the proceeding are included within these limits. This report was, on notice to the respondent and without opposition .on his part, confirmed. If he were entitled to interest, he should have made such claim to the commissioners, and then, if they did not allow it, he should have opposed the confirmation of the report. Not having done this, then his only remedy was to appeal, or move to vacate and set aside the report and have the matter remitted to the commissioner for correction. This is the only way in which interest could be obtained. The statute is the only authority by which interest can be allowed, and the court has no power whatever, in case interest is not awarded by the commissioners, to allow it. To do so would be an illegal and unauthorized use of public funds, and no act of the city would estop it from asserting the same when payment was sought to be enforced. The report was confirmed by the court, and until set aside or reversed is a final and conclusive adjudication, binding alike upon the city and the owner, of the rights of the owner upon the one hand and the liability of the city upon the other. In this respect it is as conclusive as a judgment would be. De Peyster v. Mali, 92 N. Y. 262. The court has no power in a summary and collateral proceeding, and after the report has been confirmed, to add to it a provision increasing an award by way of interest. The order, therefore, by which interest was allowed, was wholly irregular and contrary to law. Notwithstanding the fact that the corporation counsel did not oppose, either through inadvertence, neglect, or for any other reason, the granting of the motion, the city is not estopped from insisting that its money shall only be used in the manner pointed out by statute.

The motion, however, .if it had been opposed, undoubtedly would not have been granted, and for that reason I am of the opinion that the order appealed from should be reversed, without costs to either party in this court, and the order of February 5, 1908, vacated, and upon condition that the city pay to the respondent all sums received by it for rent of the premises in question since November 26, 1906, and if such condition be not complied with then the order should be affirmed, and if such order be vacated the same be without prejudice to the right of the respondent to take such proceedings as may be advised to compel the payment of the award made. All concur.