In re BENSEL et al.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. EMINENT DOMAIN (§ 243*)—PROCEEDINGS TO ACQUIRE REAL ESTATE—AWARD
   OF DAMAGES.
   Where, in proceedings under Laws 1905, c. 724, as amended by Laws
   1906, c. 314, to acquire rights for the city of New York to extend its wa-
   ter supply, claims for damages were by stipulation referred to the com-
   missioners of appraisal, and were by consent determined by the commis-
   sioners, the board of water supply could not urge that the awards were
   premature.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 627–
   629; Dec. Dig. § 243.*]

2. EMINENT DOMAIN (§ 207*)—PROCEEDINGS TO ACQUIRE REAL ESTATE—AWARD
   OF DAMAGES.
   Laws 1905, c. 724, as amended by Laws 1906, c. 314, relating to the ac-
   quisition of rights to extend the water supply of the city of New York,
   contemplates that claims for decrease in an established business shall be
   determined as far as practicable in the original proceeding taken to ac-
   quire the property affected.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 545, 546,
   551; Dec. Dig. § 207.*]

3. EMINENT DOMAIN (§ 126*)—PROCEEDINGS TO ACQUIRE REAL ESTATE—AWARD
   OF DAMAGES.
   Where the commissioners of appraisal, in proceedings under Laws 1905,
   c. 724, as amended by Laws 1906, c. 314, to acquire rights for the city of
   New York for extending its water supply, awarded to a telephone com-
   pany the full amount of the prospective decrease in its business by the
   obliteration of lines within a reservoir area, and the equipment used in
   the production of profits for which damages were awarded had practically
   no value except in connection with the established business, the company
   could not receive compensation for the poles, wires, and equipment.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 345–
   347; Dec. Dig. § 126.*]

   Kellogg and Sewell, JJ., dissenting.

Appeal from Special Term, Ulster County.

Petition by John A. Bensel and others, constituting the Board of
Water Supply of the City of New York, to acquire real estate under
Laws 1905, c. 724, and acts amendatory thereof.   From an order con-
firming the report of commissioners of appraisal awarding damages
to the Hudson River Telephone Company and the Citizens' Standard
Telephone Company, the petitioners appeal.   Affirmed in part, and
reversed in part.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SE-
WELL, and HOUGHTON, JJ.

Archibald R. Watson, Corp. Counsel (Augustus H. Van Buren, of
counsel), for appellants.

John A. Delehanty, for respondent Hudson River Telephone Co.

D. G. Atkins, for respondent Citizens' Standard Telephone Co.

COCHRANE, J.   This is a proceeding instituted under chapter 724
of the Laws of 1905, as amended by chapter 314 of the Laws of 1906,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

having reference to the acquisition of certain rights in behalf of the city of New York for the purpose of extending its water supply. What is known as the "Ashokan reservoir territory" in Ulster county, acquired by the city in connection with its water supply, includes a tract of land approximately 12 miles long and from 1 to 2 miles wide, situated in a valley through which flows the Esopus creek. A dam across the valley will impound the waters of the creek, making an artificial lake of about the dimensions above stated. This reservoir area is traversed by a railroad, highways, and by the main lines of the respondent telephone companies, which also have erected branch lines to furnish telephone service to residents within the reservoir area. The plan, of course, involves the obliteration of the hamlets and settlements and the railroad, highways, and telephone lines within the boundaries of the proposed reservoir, which will be surrounded by a new highway. The main lines of the telephone companies will be transferred to this new highway, title to which will be held by the city.

The telephone companies have interposed claims for damages which they will sustain by the destruction of their present lines and the necessary removal of the main lines to the new highway adjoining the reservoir, and have also interposed claims for damages under section 42 of the said act as amended, alleged to have been sustained by reason of the decrease in value of their established business of supplying telephone service within the reservoir district. These claims were by stipulation referred to the commissioners of appraisal appointed herein, and have by consent of the various parties been heard and determined by such commissioners. The appellants cannot, therefore, successfully urge that the awards are premature. The statute contemplates that claims for decrease in an established business shall be determined as far as practicable in the original proceeding taken to acquire the property affected. People ex rel. Burhans v. City of New York, 198 N. Y. 439, 92 N. E. 18.

The commissioners have awarded to the Hudson River Telephone Company $24,927.27, which according to their report is made up as follows, viz.: $9,250 for the reconstruction of its main line along the shore of the proposed reservoir, including any claim for the same purpose of the American Telephone & Telegraph Company, which has been assigned to the Hudson River Telephone Company; $10,500 for decrease in value to its established business; and $5,177.27 as the value of the branch lines and equipment used to supply telephone service to subscribers within the reservoir territory.

We are of the opinion that this last item is erroneous. The commission awarded the full amount of the prospective decrease in the company's business to be caused by the obliteration of the lines within the reservoir area. Those lines, including the poles, wires, and equipment, are used in the production of profits for which the commissioners have adjudged that the city shall pay $10,500. It appears that they have practically no value, except in connection with the present established business. Having received a full equivalent for this loss of business, it is apparent that the company should not receive, in addition thereto, compensation for the poles, wires, and equipment, the only

value of which is to produce that for which the commissioners have determined that the city shall make other compensation. The report of the commissioners does not indicate that in their opinion the decrease in the value of business includes what they have awarded for the obliteration of these branch lines. If such, however, was their purpose, we think the award excessive. This item of damages was not allowed to the Citizens' Standard Telephone Company, which was allowed $1,500 for decrease in the value of its business, in addition to the expense of reconstructing its main line along the side of the reservoir.

We cannot say that in other respects the awards made by the commissioners are excessive, or that they have followed erroneous principles in arriving at their conclusions. Perhaps the evidence in some particulars bearing on the "decrease in value" is not as definite as might be desired; but this difficulty is to a certain extent inherent in the nature of the question, which must be somewhat problematical. The statute recognizes this by authorizing (section 42) damages for such decrease "directly or indirectly" caused to an established business, and in directing that the commissioners in determining such damages "shall not be limited in the reception of evidence to the rules regulating the proof of direct damages."

The order should be affirmed, with costs, as to the Citizens' Standard Telephone Company, and as to the Hudson River Telephone Company it should be reversed on the law and facts, and the proceeding referred to a new commission, to be appointed, unless said company stipulates that the order be modified, by deducting from its award $5,-177.27, with interest, and the allowance based thereon; and, if such stipulation be given, the order, as so modified, should be affirmed, without costs. All concur, except KELLOGG and SEWELL, JJ., who dissent.

JOHN M. KELLOGG, J. (dissenting). It is impossible to determine what damages the claimant has sustained by loss of his business by the condemnation, so long as the business has been increased by it and is now several times larger than it was before the condemnation. Undoubtedly at some time in the future the claimant will lose the use of its present lines; but at the present time, and perhaps for years, its business over them is greatly increased. A computation of damages now as to the loss of the claimant's business necessarily involves a mere guess as to how long the present increased business will continue. The determination of the damages is therefore premature, and must wait until it can be ascertained when the claimant will begin to suffer damages. The proceeding is properly pending, but should be continued until a proper basis for computing damages exists. The evidence does not, therefore, sustain the judgment as to the claimant's damages for loss of business and interference with its local line.

The award in those respects should therefore be reversed.

SEWELL, J., concurs.