### HUDSON RIVER TELEPHONE CO. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December 19, 1911.)

EMINENT DOMAIN (§ 247*)—ACQUISITION OF PROPERTY—COMPENSATION—INTEREST.

 Under the rule that under a statute creating a specific liability, in which the subject of interest is ignored, interest is not recoverable, a telephone company, awarded damages for loss of business in proceedings under Laws 1905, c. 724, as amended by Laws 1906, c. 314, authorizing the acquisition of rights to extend the water supply for the city of New York, and providing in section 17 for interest on awards for the taking of land, is not entitled to interest on the award.

 [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

Action by the Hudson River Telephone Company against the City of New York to recover interest on awards. Verdict directed for plaintiff set aside, and new trial granted.

John A. Delehanty, for plaintiff.
Archibald R. Watson, Corp. Counsel (Wm. McM. Speer, of counsel), for respondent.

NEWBURGER, J. Plaintiff seeks to recover the amount of certain awards, with interest. It is conceded that the principal sums of the awards have been paid, and the only question remaining in dispute is whether the plaintiff is entitled to certain interest on such awards.

The awards were made in proceedings under chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, having reference to the acquisition of certain rights in what is known as the Ashokan Reservoir territory in Ulster county. In such proceedings the commissioners filed a report, and upon an appeal to the Appellate Division of the Third Department that court held that the award to the plaintiff herein was for damages to its business. As was said by Mr. Justice Cochrane in this case (140 App. Div. 808, 125 N. Y. Supp. 873):

"The commission awarded the full amount of the prospective decrease in the company's business to be caused by the obliteration of the lines within the reservoir area. Those lines, including the poles, wires, and equipment, are used in the production of profits, for which the commissioners have adjudged that the city shall pay $10,500. It appears that they have practically

no value, except in connection with the present established business. Having received a full equivalent for this loss of business, it is apparent that the company should not receive in addition thereto compensation for the poles, wires, and equipment, the only value of which is to produce that for which the commissioners have determined that the city shall make other compensation."

The court by its opinion then directed that the order should be reversed unless the plaintiff would stipulate to a reduction of the award which has been made for the value of the lines and equipment, which stipulation was subsequently made and filed by the plaintiff. It is therefore apparent that the court determined that no real property belonging to the plaintiff was taken, and that the award should be only for the interference with the business of the plaintiff.

It is claimed, however, by the plaintiff, that it is entitled to interest by reason of section 17 of the act in reference to the taking of the lands in which this proceeding was instituted; but a reading of this section clearly shows that interest can only be allowed where real estate is taken or affected, and nowhere in the act is there any provision for interest where the award is made for damages to business. As was said by Mr. Justice Scott in People ex rel. Central Trust Co. v. Stillings, 136 App. Div. 439, 121 N. Y. Supp. 15:

"It is a general rule that under a statute creating a special liability, in which the subject of interest is ignored, interest is not recoverable. 16 Am. & Eng. Ency. (2d Ed.) 996, and cases cited. The present case falls within the reason of the rule, because, when the Legislature determined to grant a right of recovery where no such right existed at common law, it was entirely free to restrict the amount of damage as it saw fit.  *  *  *  It seems to be a complete answer to the relator's claim to say that its right to recover damages at all rests solely upon the statute, that the statute does not in terms provide for the allowance of interest as part of the award, and that there is nothing in its language or in the reason for its enactment which justifies the construction that when the Legislature said 'damage' it meant 'damages and interest thereon.'"

Adapting this construction upon a statute which is in effect similar to the one under which the award was made herein, it follows that no interest can be awarded to the plaintiff upon the award for injury to the business, or for costs and disbursements allowed the attorney. It is unnecessary, therefore, to pass upon the question whether or not a proper tender was made.

The motion to set aside the verdict and for a new trial must be granted.