HUDSON RIVER TELEPHONE COMPANY, Appellant, *v.* THE
CITY OF NEW YORK, Respondent.

New York (city of) — condemnation of property for Ashokan
water supply for city — awards for damages done to substan-
tial and established business — when interest not recoverable
thereon.

Section 17 of chapter 724 of the Laws of 1905, as amended by chap-
ter 314 of the Laws of 1906, which provides that the city of New
York shall pay awards for property taken for the Ashokan dam
"with lawful interest thereon from the date of filing the oath and
certified copies thereof as by this act required," has reference only
to cases in which the power of condemnation is exercised for the
acquisition of real estate, and is not applicable in case of an award
wholly for damages done to a substantial and established business,
such as were made recoverable by section 42 of the statute as
amended by chapter 314 of the Laws of 1906. Nor is the language
of the order of confirmation, that the award and the allowances and
expenses of counsel should be paid "with interest thereon as pro-
vided by law," an express adjudication in favor of the payment of
interest.

*Hudson River Telephone Co.* v. *City of New York*, 151 App. Div.
942, reversed.

(Argued January 28, 1914; decided March 3, 1914.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
June 28, 1912, which affirmed an order of the court at a
Trial Term setting aside a previously directed verdict in
favor of plaintiff and granting a new trial.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*John A. Delehanty* for appellant. The direction of
the Appellate Division that the several awards and the
allowance to counsel be paid by the comptroller "with
interest thereon as provided by law," was *res adjudicata*.
(*De Peyster* v. *Mali*, 92 N. Y. 262; *Matter of Dept. of*

*Parks,* 73 N. Y. 560; *Matter of Belmont St.,* 128 App. Div. 636; *Matter of E. R. Land Co.,* 206 N. Y. 545.) The "law" referred to in the phrase "with interest thereon as provided by law," as used in the order of confirmation, is undoubtedly the statute which authorized the condemnation proceeding in which the order was granted, viz., chapter 724 of the Laws of 1905. (*Long* v. *Mayberry,* 96 Tenn. 378; *Parker* v. *Meredith,* 59 S. W. Rep. 167; *B. & O. R. R. Co.* v. *Lersch,* 58 Ohio St. 639; *Forbes* v. *Ballentine,* 74 Ill. 183; *Robinson* v. *Thrazkill,* 110 Ind. 117; *Eels* v. *A. T. & T. Co.,* 143 N. Y. 133; *People ex rel. C. T. Co.* v. *Stillings,* 136 App. Div. 439; *Muhlker* v. *N. Y. & H. R. R. Co.,* 197 U. S. 544; *Birrell* v. *N. Y. & H. R. R. Co.,* 198 U. S. 390; *Matter of Menzesheimer,* 144 App. Div. 576.)

*Archibald R. Watson. Corporation Counsel* (*William McM. Speer* of counsel), for respondent. Awards for business damages arising under section 42, chapter 724 of the Laws of 1905, as amended by section 9, chapter 314 of the Laws of 1906, do not carry interest prior to entry of judgment or allowance to counsel. (*Upington* v. *City of New York,* 165 N. Y. 223; *Matter of City of New York,* 190 N. Y. 350; *Backus* v. *F. S. U. Depot Co.,* 169 U. S. 575; *People ex rel. Missionary Society* v. *City of New York,* 60 App. Div. 77; 168 N. Y. 64; *Matter of N. Y. & B. Bridge,* 137 App. Div. 98; *E. T. C. Co.* v. *Harde,* 181 N. Y. 13; *Matter of E. R. Land Co.,* 206 N. Y. 545.)

Willard Bartlett, Ch. J. In a proceeding by the city of New York to acquire certain rights belonging to the Hudson River Telephone Company in the Ashokan reservoir territory in Ulster county, the commissioners of appraisal made three awards to the corporation, namely: $9,250 representing the cost of reconstruction of a portion of its telephone line; $10,500 for damages sustained

by the corporation as the owner of an established, substantial business; and $5,177.27 as the value of certain branch lines and equipment employed in supplying telephone service to subscribers within the reservoir territory. The report of the commissioners was confirmed at a Special Term of the Supreme Court by an order entered on March 14, 1910, and the order of confirmation directed the comptroller of the city of New York to pay to John A. Delehanty, as attorney and counsel for the Hudson River Telephone Company, $1,246.35, being five per cent upon the aggregate awards; and also $319.10 for expenses and disbursements, including the reasonable compensation of witnesses. From this order the city appealed to the Appellate Division, where it was held that the award of $5,177.27 was erroneous, because the lines, poles, wires and equipment for which it was made were used in the production of profits for which the commissioners had already adjudged that the city should pay $10,500 for damages to the business of the corporation. The Appellate Division, therefore, directed a reversal of the order of confirmation unless the Hudson River Telephone Company should stipulate that the order be modified by deducting the sum of $5,177.27, with interest from the aggregate award together with that proportion of the allowance based thereon, and that if such stipulation should be given the order as so modified should be affirmed. (*Matter of Bensel,— Hudson River Telephone Co. Respt.*, 140 App. Div. 808.)

The required stipulation was given by the Hudson River Telephone Company. The present suit was brought to recover the aggregate amount of the awards as modified by the Appellate Division, together with the allowances and expenses and interest thereon. Since the action was begun the city has paid the principal amounts of the several awards; and when the case came to trial the only issue to be litigated was the right of the appellant to interest. The evidence presented no controverted

question of fact and the court directed the jury to find in favor of the plaintiff for the full amount of interest claimed, namely, $1,577.55. Subsequently the learned trial judge set the verdict aside and granted a new trial on the ground that the plaintiff was not entitled to recover any interest whatever. The order to this effect has been affirmed by the Appellate Division and the plaintiff appeals to this court.

Section 17 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, provides that within three calendar months after the confirmation of the report of the commissioners of appraisal in condemnation proceedings relating to the acquisition of lands for the New York water supply, the city shall pay to the respective owners or corporations mentioned in the report in whose favor any sum or sums of money shall be estimated and reported by said commissioners, the respective sum or sums so estimated and reported in their favor respectively, "with lawful interest thereon, from the date of filing the oath and certified copies thereof as by this act required." The appellant claims to be entitled to interest under this statutory provision. It seems quite clear, however, that it has reference only to cases in which the power of condemnation is exercised for the acquisition of real estate; for in the latter part of the section relating to the form of suit against the city to recover the award with interest thereon, it is provided that it shall be sufficient in the complaint "to declare generally for so much money due to the plaintiff or plain-tiffs therein by virtue of this act, for *real estate taken or affected for the purpose herein mentioned.*"

In the present case, however, the award under the order of confirmation as modified by the Appellate Division was not for real estate at all but wholly for damages done to the substantial and established business of the corporation. Such damages were made recoverable in condemnation proceedings by section 42 of the statute as

amended by chapter 314 of the Laws of 1906. In that section there is not a word about interest upon such damages. It is not to be assumed that the legislature would have omitted to mention this subject or to have indicated in some way that interest was to be allowed if such had been its intention. We think it quite clear that the right to interest from the date of the filing of the oath of the commissioners is restricted to cases in which land is acquired or affected. (See *People ex rel. Central Trust Co.* v. *Stillings,* 136 App. Div. 438; affd. on opinion below, 198 N. Y. 504.)

The appellant insists, however, that the city is foreclosed upon this question by reason of the fact that the order of confirmation provided that the award and the allowances and expenses of counsel should be paid " with interest thereon as provided by law." This, it is argued amounts to an express adjudication in favor of the appellant which cannot be questioned in a collateral proceeding and is, therefore, conclusive in this suit. It seems to us, however, that such a construction of the language used in the order would be carrying it beyond the intention of the court which manifestly was merely a direction to the comptroller to pay interest on such of the principal sums as might bear interest under the statutes relating to them. In other words, the court did not undertake to determine the question of interest but left that to the decision of the disbursing officer in the light of the statutes on the subject.

On the other hand, we think that the plaintiff's right to the allowance to counsel and to the allowance for disbursements and expenses was fixed by the order of confirmation and is not open to question in this suit. If so, it is clear that the city is chargeable with interest on these items, at least from the date of the entry of the order of confirmation, March 14, 1910, to the date of the payment of the principal sums, July 27, 1911, which amounts to the sum of $107.79. The plaintiff was, therefore,

entitled to the direction of a verdict in its favor for this amount.

The order of the Appellate Division and the order of the Trial Term setting aside the verdict should be reversed and the verdict reinstated to the amount of $107.79, without costs of this appeal to either party.

WERNER, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; MILLER, J., not sitting.

Orders reversed, etc.