In re TITUS STREET, BOROUGH OF QUEENS, IN CITY OF NEW YORK.

In re BURGER.

(Supreme Court, Special Term, Kings County. March, 1914.)

EMINENT DOMAIN (§ 247*)—CONDEMNATION FOR STREET PURPOSES—INTEREST ON AWARD.

> Where an award, in a proceeding by the city of New York to acquire land for street purposes, is reversed on appeal for inadequacy, and a largely increased award made on a new hearing, interest on the award runs from the date of the report receiving final confirmation and not from the date of the order confirming the award appealed from; it being essential that interest be based on some express statute and the provision of Greater New York Charter (Laws 1901, c. 466) § 1001, that interest shall run "from the date of said report," meaning the date of the report receiving final confirmation.

> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

In the matter of acquiring title to Titus Street from Jackson Avenue to Bulkhead Line of East River, in the First Ward, Borough of Queens, of the City of New York. Motion for an order of mandate to compel the Comptroller of the City of New York to pay interest on an award from date of order confirming former award from which appeal was taken, and the order reversed. Motion denied.

See, also, 154 App. Div. 898, 138 N. Y. Supp. 1146.

Benjamin Trapnell, of New York City, for the motion.

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and George E. Draper, both of New York City, of counsel), opposed.

KAPPER, J. The petitioner was awarded, in a street opening proceeding, an inadequate sum for the taking of land, which award was reversed on appeal (Matter of City of New York ['Titus Street], 139 App. Div. 238, 123 N. Y. Supp. 1018), and, upon a hearing before new commissioners, a largely increased award was made, upon which sum the petitioner claims interest from the date of the first report, contend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing that under the Greater New York Charter (section 990), as the taking of an appeal from the order of confirmation shall not affect the vesting of title in the city, and which vesting takes place "upon the confirmation of the report by the commissioners of estimate," it follows that under section 1001 of the charter, which provides that "all damages awarded by the commissioners of estimate with interest thereon from the date of said report * * * shall be paid by the city," the words "with interest thereon from the date of said report" mean the date of the first report, upon confirmation of which the title vested as per section 990, supra. A claim for interest must be based upon some express statutory authority. "The statute is the only authority by which interest can be allowed." Matter of Belmont Street, 128 App. Div. 638, 112 N. Y. Supp. 860. As was said in Matter of Trustees of New York & Brooklyn Bridge, 137 N. Y. 98, 32 N. E. 1055: "Before interest can be allowed in any case it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default." In Hudson River Telephone Co. v. City of New York, 210 N. Y. 394, 104 N. E. 935, the right to interest seems again to have obtained strict construction.

In section 990, supra, we find express authority for an allowance of interest in cases where title vests in the city by resolution of the board of estimate and apportionment, in which cases interest is to be allowed by the commissioners "as part of the compensation to which such owners, lessees, parties or persons are entitled." That is the only authority for interest which section 990 expresses, and the only one in street opening proceedings to which my attention is called, excepting as provided for in section 1001, supra. When interest is allowed under section 990, it is included in and becomes a part of the compensation, not alone because the statute says so, but because the title had theretofore vested in the city pursuant to the resolution of the board of estimate and apportionment. In this proceeding, it is conceded that the title vested only upon the confirmation of the report of the commissioners, and, as stated, nothing is said about interest in connection with that manner of vesting. The question, then, is whether interest shall run from the date of the report appealed from, and authority therefore must be found, if at all, under section 1001, supra. I think that the "date of said report," referred to in section 1001, supra, as the time for the commencement of the running of interest, means the date of the report which receives final confirmation and not a report which is reversed upon the application of the party who sought a rehearing. Section 1001, supra, provides that interest shall cease six months after the date of confirmation, unless within that time demand therefor be made upon the comptroller. The language fairly indicates that it was intended to put the city in default for nonpayment of the award, and such default cannot exist in favor of a party who, dissatisfied with the award, appeals therefrom. As interest upon an award in street opening proceedings is a matter of statutory right only, and no statutory authority, in my opinion, having been shown, the motion, in so far as it seeks interest from the date of the first report, must be denied.

Motion denied.