Louis G. Bruhn, J.
This is a motion on behalf of the defendant for an order dismissing the complaint under rule 106 of the Rules of Civil Practice on the ground that it appears on the face of the complaint that it fails to state facts sufficient to constitute a cause of action.
It appears that the plaintiffs filed a claim against the City of New York under section E4L44.0 of the Administrative Code of that city. Such claim was heard and determined by Commissioners of Appraisal who reported $12,000 indirect damage to real estate and a further sum of $4,000 for business damage.
The report of the Commissioners was confirmed at a Special Term of this court on June 5, 1959 and the order thereof filed in the Sullivan County Clerk’s office on October 8, 1959.
The $4,000 award was paid to the plaintiffs on October 27, 1960 and the $12,000 award on November 16, 1960 following the discontinuance of an appeal.
*579 The defendant claims that the determination of the instant motion revolves around the question of whether or not the plaintiffs are entitled to any interest on an award under section K41-44.0 of the Administrative Code.
There is no question that interest is not available at least up to the date of the confirmation of any award or settlement. (Matter of Huie [Dairyman’s Assn.], 7 A D 2d 24, 28; Hudson Riv. Tel. Co. v. City of New York, 210 N. Y. 394.)
The plaintiffs, incidentally, concede they are not entitled to that interest but instead claim they are entitled to interest from the date of the order of confirmation.
The defendant, in turn, takes the position that since section K41-44.0 of the Administrative Code is silent and makes no provision for interest none can be allowed until following any judgment in a proceeding pursuant to section K41-17.0.
This court cannot subscribe to such limited interpretation of the applicable statutes.
It is no answer to the instant problem to say that the Administrative Code covers the whole question of condemnation proceedings by the City of New York since the defendant agrees that when the two sections are read together it is quite clear that the claimants have one exclusive remedy for the collection of awards for indirect real estate damage and business damage and that is to make application to the Comptroller for payment and if payment is not made then to bring suit.
To agree that such is the plaintiffs’ remedy only if payment is not made does not suggest, necessarily, that no interest may be recovered on that type of an award, from the date of its confirmation, if payment is made sometime thereafter.
The right to payment justifiably accrues at the time of the confirmation. Therefore, if such payment is postponed, the right to interest thereafter is consistent with a just compensation theory.
Such conclusion is fortified by several leading cases on the subject.
In the case of Matter of East Riv. Land Co. (206 N. Y. 545, 549) the court stated: “ The claim was liquidated, the order to pay made it due at once, and it became the duty of the city to make immediate payment. Money was withheld which should have been paid, and according to familiar principles interest should be allowed by way of damages for the detention from the date of the adjudication to the date of payment with all rights reserved.” (Italics supplied.)
As added affirmance of such position the same court in Matter of Erlanger (237 N. Y. 159, 166) stated: “As the statute is *580 silent on the subject of interest, interest runs only from the time of confirmation of the award. (Matter of East River Land Co., 206 N. Y. 545.) ” (Italics supplied.)
Such quoted language appears to be a complete answer to the defendant’s position in this case.
Furthermore, it is curious to note that in the ease of Hudson Riv. Tel. Co. v. City of New York (supra) a case which both parties cite but disagree as to the extent of its holding, the court, at page 398, stated: ‘1 On the other hand, we think that the plaintiff’s right to the allowance to counsel and to the allowance for disbursements and expenses was fixed by the order of confirmation and is not open to question in this suit. If so, it is clear that the city is chargeable with interest on these items, at least from the date of the entry of the order of confirmation.” (Italics supplied.)
And so, in the instant case, even conceding that the code makes no provision therefor since the awards were fixed by the order of confirmation, the city should he chargeable with interest on those amounts from the date of the entry of that order. Therefore, for the reasons stated, the defendant’s motion is denied, without costs.