■ VIOLA B. BABCOCK et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41297.) — REYNOLDS, J. Appeal by the State from a judgment of the Court of Claims awarding claimant $10,680, plus interest, for the appropriation of respondents' property in connection with the construction of the Kingston bypass. The appropriation involved consisted of a fee taking of 7.916 acres and a temporary easement of 8.255 acres. The Court of Claims, holding that the highest and best use of the land was for agricultural purposes and that the temporary easement taken had rendered the portion involved useless, awarded $4,592 for the fee taking and $4,788 for the land taken by the easement to which it added $1,300 rental for the easement from October 13, 1960 to November 22, 1963 for a total award of $10,680. In reaching the determination the Trial Judge valued the acreage taken at $580 per acre which is the value ascribed to it by the State's expert assuming that there was full " legal access " to the property. Thus the trial court must have assumed full access and the State's position here as below is that respondents had in fact less than complete unhampered access to the property involved and thus that an award of a full $580 per acre is unwarranted. The State's expert was of the opinion that the access factor reduced the value by one half to $290 per acre. The record reveals that the only access to respondents' land was by means of a dirt road which crossed an underpass owned by a railroad and passed over land owned by the Walkers and the Browns. Apparently respondents had some kind of understanding with the railroad and, in any event, this portion of access is not challenged on this appeal. Respondents and their predecessors had used the remainder of the road for 30 to 40 years in common with the Browns but without a formal agreement with them or with the Walkers. However, in January, 1960, just some seven months prior to the appropriation, respondents signed agreements with the Browns and Walkers formally granting respondents a 50-foot-wide access route across their properties. In each contract the right-of-way was denominated as an " easement " and each agreement was to run until January 1, 1970, with options in respondents to renew for two additional terms of 10 years, but the contract also provided that the agreements could be cancelled by the Browns or the Walkers on 60 days' notice if given between the months of November and April of each year. The right conferred by these contracts, however, had not been revoked as of the day of the taking and after the appropriation the access to the remainder was the same as to the entire parcel before the taking. On this state of the record we find that respondents' access, while not completely nonexistent, was at least

to some considerable extent restricted and that this factor should have been, but apparently was not, considered by the trial court in assessing the value of the property taken (*Ruston* v. *State of New York,* 25 A D 2d 944). We cannot agree with respondents' contention that the instant record supports their having obtained an easement by prescription. Nor can the 1960 agreements be read as creating much more than a mere license, despite the use of the word "easement" in each contract, since the agreements could be cancelled by the Walkers or the Browns at any time between November and April on notice. The instant record, however, does not in our opinion afford sufficient information for us to presently compute the effect of respondents' restricted access on the market value of the property and accordingly a new trial is necessary (see *Stiriz* v. *State of New York,* 26 A D 2d 964). The State also objects to the fact that the trial court awarded respondents the full fee value of land under the easement and then added thereto the rental value of the easement itself. The effect of this, of course, is that respondents have been compensated more than the full value of the property taken and accordingly the award of $1,300 for rental of the easement could not be sustained, in any event (cf., *Great Atlantic & Pacific Tea Co.* v. *State of New York,* 25 A D 2d 905). Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.