In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the Counties of Sullivan and Orange for the Purpose of Providing Additional Water for the City of New York. LOYAL W. WHITTON et al., Respondents.— GREENBLOTT, J.

CLAIM OF LOYAL W. AND MANTIE J. WHITTON AND CORA R. BACKUS.

Appellant's contention that the awards to these respondents are excessive and not supported by probative evidence is without merit. The Whitton property, located some 27 miles below the Neversink Dam, contained about 370 acres and was improved by a residence and two barns. The Whittons purchased it in 1949 for $7,500 and sold it with a reservation of this claim in 1960 for $20,000. The property contained extensive frontage on the river, and was ideally suited for camp sites or recreational development. On the basis of comparable sales, respondents' appraiser testified that the property was worth $37,000 before the taking and $16,000 after, for total damages of $21,000. Appellant's expert valued the property as a hunting club at $27,000 before and $26,000 after. The commissioners found a before value of $34,000 and $22,000 after and awarded damages of $12,000. Since this award is within the range of the expert testimony, it should be confirmed. Respondent Backus operated a boarding house on her property which comprised 87 acres with more than 500 feet of river frontage. Using comparable sales, respondent's expert valued

the property as a resort, at $22,000 before the diversion and $14,500 after, for damages of $7,500. Appellant's two expert witnesses testified that the damages were only $250. One said the property was worth $12,000 before and $11,750 after and the other valued it at $12,500 before and $12,000 after. Respondent sold the property in 1960 for $14,500. The commission found it was worth $18,000 before and $10,750 after for damages of $7,250. Here too, the total damages are within the range of expert testimony and should be sustained. Thus the order entered May 28, 1968 confirming the awards to respondents Whitton and Backus should be affirmed.

### CLAIM OF IRVING AND FANNIE KUSHEL.

Appellant objects to this award solely on the ground that respondents acquired their property on September 10, 1955, long past the acquisition date of June 10, 1952. In *Matter of Ford* [*Luth*] (18 A D 2d 855), we construed section K41–44.0 now 51–44.0) to the effect that claimants who did not have title either at the time of the taking or at the time of the execution of the plans would not be entitled to an award for indirect damage. The date of the taking was June 2, 1952, and actual diversion of the water occurred on June 1, 1953, both of which was prior to the date that respondents acquired their property (Sept. 10, 1955). Since respondents did not receive an assignment of the claim by special assignment from their grantor, their claim must be dismissed. Nor is there any merit in respondents' contention that the following clause in their deed constituted an assignment of their right to an award: " The grantor does hereby remise, release and quitclaim unto the grantees, all her right, title and interest, if any, in a certain easement or right and more fully set forth in a deed from Joseph Malman and Sarah Malman, his wife, to Samuel Newman, dated March 19, 1925, and recorded in the Sullivan County Clerk's Office in Liber 237 of Deeds at page 350 on March 23, 1925." Although this clause assigned a right of way to the river it did not constitute an assignment of a right to an award for damages resulting from the diversion. Accordingly, the order affirming the award in favor of respondents should be reversed and the claim dismissed.

### CLAIM OF MADISON M. AND LILLIAN MISNER.

Respondents claimed indirect damage to four parcels which were part of a larger tract conveyed to them in 1945. Appellant contends that they are not entitled to damages as to parcels 2, 3 or 4 and that the award of $14,750 insofar as it includes damages to these parcels is excessive. Parcel 2, a 2.6 acre unimproved lot on the east side of Woodbourne Road, has no direct access to the river. The Misners claimed that it had access over a right of way reserved in the conveyance to Miller, but that reservation reads: " Subject to a right of way 12 feet in width along the northerly bounds of the above described premises leading from the Woodbourne-Hasbrouck Highway easterly to the Neversink River, which right of way is for the purpose of affording ingress and egress to the parties of the first part * * * *for the benefit of the premises owned by them lying on the westerly side of the Hasbrouck-Woodbourne Highway*, which right of way shall be appurtenant to the last described premises ". (Emphasis added.) Obviously, this right of way was limited to parcel 1 and afforded no legal access from parcel 2 to the river. Similarly, respondents' contention that they had established access by license is of no avail. We have searched the record but can find no proof showing the granting of a license permitting access to respondents. Accordingly, we find that claimants have not established their claim of damage to parcel 2. Appellant contends that parcels 3 and 4 were conveyed by respondents prior to the

acquisition so that respondents are not entitled to any award as to them. Respondents maintain that they retained approximately four acres with about 1,000 feet of river frontage when they conveyed a portion of their premises to the Sullivan County Highway Products Corp. and the Town of Fallsburg in 1950. The deeds in the record support appellant's interpretation. According to respondents, their conveyance to the Sullivan County Highway Products Corp. did not include river frontage, but was bound on the east by a stone wall lying west of the river. However, the description of the land conveyed reads: " Beginning at the southeasterly corner of the lands of the parties of the first part (Misners) and running thence in a westerly direction along a stone wall approximately five hundred feet (500′) to a stone wall and corner; and thence in a northerly direction along said stone wall approximately one thousand feet (1,000′) to a stone wall and corner; and thence in an easterly direction a distance of approximately five hundred feet (500′) to the easterly boundary line of the Misner property; *and thence along said easterly boundary line of the Misner property* approximately one thousand feet (1,000′) to the point or place of BEGINNING containing ten (10) acres of land be the same more or less." (Emphasis added.) Since the river is the easterly boundary of the original Misner tract, it is obvious that the claimants had conveyed any interest they had to the river frontage east of the property. Similarly, the easterly boundary of the land conveyed to the Town of Fallsburg in 1950 was " the center line of the Neversink River ". Thus, there seems to be no reasonable basis for respondents' claim to ownership of parcels 3 or 4. In their award, the commissioners made no finding as to what property respondents owned or whether the award included damages to the disputed parcels. However, since the Commissioners found a before value of $30,000 and none of the expert witnesses valued parcel 1 in excess of $25,104, they must have included these parcels in their computations. Respondents' expert Goldstein testified that parcel 1 had a value of $300 per acre before the acquisition and $150 per acre after. As proof of after value, respondents sold parcel 1 in 1955 for $2,500, which reflects a per acre value which is considerably lower than that found by respondents' witnesses. Accordingly, on the basis of this record, we find that the 83.6 acres of parcel 1 had a market value of $25,100 (rounded) before the acquisition and $12,500 (rounded) after, for damages of $12,600. The award should be modified so as to reduce it from $14,750 to $12,600.

### CLAIM OF HOTEL LEVITT, INC.

The city contends that respondent is not entitled to an award because its land does not front on the river and its access is by a mere license for bathing only. Respondent asserts that it possesses an easement to the river and that guests of the hotel customarily crossed the lands of the Hotel Flagler to the river for recreational purposes, in return for which, respondent provided water to the Flagler Hotel. In *Matter of Huie (Klass)* (11 A D 2d 837) we affirmed an award for indirect damages to claimants who were mere licensees of the riparian owners. Therefore, appellant's contention is without merit. Appellant next contends that the respondent's claim was not timely filed and must be dismissed. The appellant had failed to delineate respondent's property on the taking map and did not list respondent as owner of any property to whom notice was to be given. Sections K51–18.0 of the Administrative Code provides that claims under section K51–44.0 must be filed within three years from the date of the filing of the oaths of the commissioners or within three years from the execution of the plan of work, the execution of which is claimed to be the direct or indirect cause of damage. The diversion commenced June 3, 1953. In *Matter of Huie (Tweedie)* (18 A D 2d 437) we construed the

statute to the effect that it begins to run from the date on which direct or indirect damage was caused, not from the final completion date of the project. Respondent did not file a claim until November 28, 1956, which was more than three years after the commencement of the diversion, this claim was rejected by the city, but by order dated September 3, 1963, Special Term granted respondent leave to file its claim. Respondent replies to the Statute of Limitations argument by contending that to defeat its claim would be violative of due process since it was not given actual notice of the city's acquisition, citing *Schroeder* v. *City of New York* (371 U. S. 208). We agree. In *Schroeder*, riparian owners were granted relief by the Supreme Court from the Statute of Limitations on the ground that publication and posting were not adequate since "appellants' name and address were readily ascertainable from both deed records and tax rolls". (p. 210.) Appellant attempts to distinguish *Schroeder* on the grounds that in *Schroeder* the claimants were riparian owners and indirect real estate and business damage claims are statutory in origin, entitled to only such notice as the statute may provide for. We reject this argument since respondents had valuable interests granted to them by the Legislature to which they are entitled to protection. As the court stated in *Schroeder* v. *City of New York* (*supra*), pp. 212–213: "The general rule that emerges from the *Mullane* [339 U. S. 306] case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. 'Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendence.' 339 U. S., at 318." In accordance with the requirement of the Supreme Court "that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable", it is obvious that a careful examination of the records would have revealed the interest of respondent. The conveyance by respondent's predecessor in title conveyed the property which was the Hotel Flagler subject to the grantor's reservation of the right to cross the Flagler property to use the river. At the time of the examination of titles of riparian owners, this reservation should have come to light. However, on this record, the award of $47,000 as damages was excessive and must be reduced. We find that the value of claimant's property before the diversion was $145,000, and $113,000 after, and that damages were in the amount of $32,000. Order confirming the awards for damages to Loyal W. and Mantie J. Whitton and to Cora R. Backus affirmed, without costs. Order confirming the award for damages to Irving and Fannie Kushel reversed, on the law and the facts, and claim dismissed, without costs. Order confirming the award for damages to Madison M. and Lillian Misner modified, on the law and the facts, to reduce the award to $12,600, and, as thus modified, affirmed, without costs. Order confirming the award for damages to Hotel Levitt, Inc., modified, on the law and the facts, so as to reduce the award from $47,500 to $32,000, and, as so modified, affirmed, without costs. Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J. Reynolds, J. P., concurs in part and dissents in part, in a memorandum. Reynolds, J. P. (concurring in part and dissenting in part). I agree with the majority's decision except for affirmance of the claim of the Hotel Levitt, Inc. In my opinion this claim is barred by the Statute of Limitations (§ K51–18.0 of the Administrative Code of the City of New York). As the majority notes, the Hotel Levitt did not file its claim until November 28, 1956, concededly more than three years from the filing of the Commissioners' oaths or the commencement of diversion. The majority, however, would uphold the claim because the Hotel Levitt was not

given actual notice of the city's acquisition, citing *Schroeder* v. *City of New York* (371 U. S. 208). I do not believe *Schroeder* is controlling here. The Hotel Levitt is not itself a riparian owner and the city had no reasonable basis to determine that its interest [that its guests might cross the land of the Hotel Flagler, the riparian owner, to the river for recreational purposes] was affected by the acquisition. Only by a search of Flagler's title for interests other than Flagler's own interests could the city possibly have discovered the Hotel Levitt's license. I would not impose a duty on the city to discover this remote interest. Thus, unlike *Schroeder*, I do not view the interest so " very easily ascertainable " as to require actual notice for due process. Accordingly, I vote to reverse the order as to the Hotel Levitt and to dismiss the claim.