In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Property in the Counties of Sullivan and Orange for the Purpose of Providing Additional Water for the City of New York. HERMAN V. TRAUB et al., Respondents.

Third Department, June 26, 1975

W. Bernard Richland, Corporation Counsel (William P. Murray and L. Kevin Sheridan of counsel), for appellants.

Rosen & Rosen (George H. Rosen, pro se, of counsel), for Herman V. Traub and others, respondents.

Levine & Levine (Lazarus I. Levine of counsel), for Farber Construction Corporation and others, respondents.

GREENBLOTT, J. The claimants, respondents herein, are assignees of a claim of the Hotel Levitt for damages resulting from acquisition by the City of New York on June 2, 1952, of riparian rights at a section of the Neversink River in Sullivan County. Hotel Levitt did not own the fee to the land taken, but did have the right pursuant to deed to permit its guests to traverse a path over said property leading to Flagler Lake, and "to bathe in Flagler Lake at fifteen (15) cents per person". Pursuant to title K of chapter 51 of the Administrative Code of the City of New York (the Water Supply Act), a party whose property or business is indirectly damaged is entitled to compensation notwithstanding that there has been no direct taking of such party's property, and in *Matter of Ford (Whitton)* (35 AD2d 626), we reduced the award of compensation payable to the Hotel Levitt to $32,000, and, as so modified, we affirmed. An order confirming the report of Commissioners of Appraisal, awarding $47,500, had previously been issued on February 10, 1967, and entered on May 9, 1968. Our decision

was affirmed in *Matter of Ford (Hotel Levitt)* (29 NY2d 628). In late 1971, New York City tendered payment of the award, with interest from May 9, 1968, the date of entry of the original order, and without interest on the counsel and witness fees. By agreement of the parties, respondents accepted payment of the award with interest thereon from May 9, 1968, but with no interest on the fees, without prejudice to their right to a determination of any further entitlement to interest. Thereafter, in April, 1973, respondents brought on a motion for additional interest, resulting in the order appealed from.

Appellants initially contend that respondents are not permitted to proceed by motion, but rather are required to institute a new plenary action for payment, pursuant to section K51-17.0 of the Administrative Code of the City of New York. That statute directs the city to pay an award within three months of the confirmation of the report, and "[i]n case of neglect or default in the payment of the same within the time aforesaid * * * [the recipients of the award] may sue for and recover, the same". In our view, this language is directory and permissive: the city is directed to pay awards within a specified time, and a claimant is permitted thereafter to sue so as to protect its rights by obtaining an enforceable judgment upon default. It does not, in our view, establish a mandatory procedure where the only question sought to be determined is the amount of interest, particularly so in a case such as this where there has been no default because the principal of the award has already been paid, and the city's obligation to pay *some* interest is conceded. Rather than an attempt to obtain judgment after a default, we are faced here with a motion which sought, in essence, to clarify the original order by setting forth more specifically the interest payable. We reject appellants' contentions that the statute is to be read to require a multiplicity of costly and time-consuming procedures for the determination of such questions.

Appellants' second contention is that, regardless of the proper procedure, respondents' claim is one for indirect damage under section K51-44.0 of the Administrative Code and not for the taking of real property, wherefore interest runs from entry of the order of confirmation, and not from the date of the taking. The court at Special Term did not set forth reasons for its award of interest, and while respondents do not disagree that the law on interest is as stated by appellants

(see *Hudson Riv. Tel. Co. v City of New York,* 210 NY 394, 398), they urge that the taking was of a property interest in the form of an easement.

Respondents' assignor had the right, as previously noted, to permit its guests to cross the property in question to bathe in Flagler Lake at a cost of 15 cents per person. This right, being a mere personal privilege giving authority to do acts on the land of another, did not create any interest in the land itself, and thus constituted a license rather than an easement (see, generally, 17 NY Jur, Easements and Licenses, §§ 2, 3). We so found in our decision in the earlier appeal herein, where we noted that the claims were "made for indirect damages", and by stating, as we did, that "[n]one of respondents' land was actually taken", we were stating by implication that no *interest* in land was taken *(Matter of Ford [Whitton],* 35 AD2d 626, 629, *supra).* Since the issue of whether respondents' interest was an easement or a license was argued before us on the first appeal, and no new matter has been presented, we see no reason for reaching a different conclusion now.

Since the award, therefore, was for indirect damage to property not taken, interest on the principal thereof must run from May 9, 1968, the date of entry of the order confirming the report. *(Hudson Riv. Tel. Co. v City of New York, supra.)* No reason is presented for a different treatment of the allowances for fees, wherefore interest thereon must similarly run from May 9, 1968. The order should be modified accordingly.

The order should be reversed, on the law and the facts, and the matter remitted to Special Term for entry of an order directing the payment of interest on allowances for counsel and witness fees from May 9, 1968, to the date of payment of the principal amount of said allowances, in accordance with this opinion.

HERLIHY, P. J., MAIN, LARKIN and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and matter remitted to Special Term for entry of an order directing the payment of interest on allowances for counsel and witness fees from May 9, 1968, to the date of payment of the principal amount of said allowances, in accordance with this opinion.