OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant General Electric Company (hereinafter called GE) seeks an order granting summary judgment to the defendant GE and dismissing the complaint of the plaintiff, pursuant to CPLR 3212, on the grounds that there are no triable issues of fact between plaintiffs and defendant GE and that the causes of action asserted against defendant GE have no merit.
The plaintiffs above named, and on behalf of all others similarly situated, pursuant to CPLR 902, seek an order determining that this action shall be maintained as a class *446 action for the benefit of the class consisting of all licensees of real property owned by the State of New York and known as Parcel 2176 in the Town of Waterford, County of Saratoga, New York.
Further, the above-named plaintiffs cross-move herein to enjoin the defendant GE, from interfering with the use of a prescriptive easement allegedly held by the plaintiffs, their guests and visitors, all as alleged in plaintiffs’ complaint.
The defendant, State of New York, is the owner of certain lands on the west bank of the Champlain Canal known as Parcel 2176. The defendant GE is the owner of a parcel of land in the Town of Waterford, County of Sara-toga, New York, that is a part of GE’s Silicone Products Division, bounded on the west by public highway US 4 (NY, Rt 32) and on the east by that strip of land along the Hudson River owned by the State of New York and referred to in plaintiffs’ complaint as “Parcel 2176” of the Champlain Canal.
Pursuant to section 100 of the New York State Canal Law, the “commissioner of transportation may, in his discretion, issue revocable permits granting certain limited privileges” for “the temporary use of canal lands”. The plaintiffs are licensees of the State of New York under article 10 of the Canal Law. The “limited privileges” issued by license of the State to plaintiffs are for summer camping. In order for the plaintiff permittees to have access to these lands of limited privilege, they must cross the lands of the defendant GE.
The defendant GE by letter dated January 18, 1982, notified each of the licensees of the State canal land “that it was permanently closing its service road to all non-G.E. traffic as part of the G.E. plant security program and in preparation for implementation of facilities modifications and expansion plans that involve the General Electric Company parcel in question.” Copies of said letters were also sent to New York State’s Department of Transportation.
Upon review of the papers, memoranda and exhibits submitted herein, and upon hearing argument from coun *447 sel for the GE and plaintiffs herein, this court opines as follows:
First addressing the question of whether plaintiffs herein may proceed as a class, it is the opinion of this court that a class action is appropriate herein. Plaintiffs and those similarly situated seek injunctive relief, are adequately described in the pleadings and there exists a common interest among members of the class. (CPLR 902.)
The complaint in this action sets forth two causes of action against the above-named defendants to establish an easement by prescription across lands of the General Electric Company. The first action reads, in part: “This action is brought pursuant to Article 15 of the Real Property Actions and Proceedings Law to compel a determination of claim to the real property hereinafter described.” The cause of action here is statutory and is in complete reliance upon RPAPL article 15 — action to compel the determination of a claim to real property.
“[Wjhere the estate or interest claimed by the plaintiff is for a term of years, the action may not be maintained unless the balance remaining of such term of years is not less than five” (RPAPL 1501). This article, in defining who may maintain a proceeding, is not concerned with the holding period already expired, but only with the balance remaining of such period. (See RPAPL art 15.) The plaintiffs herein are licensees of the State of New York canal lands in accordance with article 10 of the New York State Ganal Law. The only estate or interest in real property that the plaintiffs have in the within action is that of holders of revocable permits to certain limited privileges issued at the discretion of the Commissioner of Transportation, pursuant to the aforesaid article 10 of the Canal Law.
The written revocable permits from the State to the plaintiffs are apparently renewable annually by payment of a nominal rental fee. They recite that the permits are cancelable on 30 days’ written notice and it appears that any rights the plaintiffs have are within the framework of said permits. Any assertion of terms or conditions by the plaintiffs must be within the framework of the permits since the Commissioner of Transportation has no authority to issue a permit other than one that is revocable.
*448 In the opinion of this court, the plaintiffs may not assert that they have permits extending for a term of years. Plaintiffs’ cause of action is defective in that plaintiffs do not set forth the necessary statutory allegations required by RPAPL 1515 (subd 1, par a) and, therefore, cannot avail themselves of the provisions of RPAPL article 15. No facts can be presented by plaintiffs to show that a balance of at least five years remains in their terms under the permits. Plaintiffs’ first cause of action has no merit and must be dismissed as a matter of law.
Plaintiffs’ second cause of action alleges an easement by prescription. CPLR 212 (subd [a]) is applicable, and reads in pertinent part: “An action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action.”
The elements to establish a prescriptive easement are: hostile possession under a claim of right, actual possession, notorious possession, exclusive possession and continuous possession for the afore-stated statutory period. (2 NY Jur, Adverse Possession, §§ 6-116; Bradt v Giovannone, 35 AD2d 322.) Defendant GE herein concedes that the first four of the five elements required are factual elements requiring proof. However, it is the fifth element — continuous possession for the statutory period — that defendant GE contends cannot be established in this case.
“A licensee has been defined as one who is on another’s land without invitation, or who is not there for a purpose which would further the owner’s business, but solely for purposes of his own which are totally unconnected with the owner’s business, as a matter of permission or sufference, under a license which may be either express or implied.” (46 NY Jur, Premises Liability, § 58.) Plaintiffs admit that they are permittees or licensees of the State of New York under article 10 of the Canal Law and, as such, they do not hold even so much a right in property as would a tenant.
Plaintiffs, in their complaint expressly allege that the plaintiffs and their predecessors have openly, notoriously *449 and continuously, without any interruption for more than 15 years, used a right of way across lands of the defendant GE for access to Parcel 2176. Defendant GE contends that, as a matter of law, plaintiffs’ alleged use of a right of way is limited to the period of their written State permits and, therefore, is not a factual question. With this contention, this court must agree.
Assuming that plaintiffs herein had reached the status of tenants in the eyes of the court, adverse possession of a third party’s land by a tenant under his lease inures to the benefit of the landlord so as to support the latter’s title by adverse possession (Bradt v Giovannone, supra). In the instant case, the plaintiffs do not reach the status of tenants and the defendant landlord (State of New York) makes no claim in adverse possession on plaintiffs’ behalf. In fact, on this motion, defendant, the State of New York, has failed to appear. Further, the plaintiffs, by their own admission, do not reach the status of tenants and cannot extend their limited permits to the detriment of defendant GE. Plaintiffs are merely licensees.
In Babcock v State of New York (27 AD2d 880), the Appellate Division, Third Department, held that where landowners, whose property could be reached only by a dirt road passing over land owned by other parties, concluded agreements with other parties whereby landowners obtained a right of way denominated as an easement, but the right of way was subject to revocation on 60 days’ notice, the agreement did not create much more than a mere license, notwithstanding use of the word easement. In the instant case, a 30-day notice of revocation is within the license granted. The plaintiff licensees herein may not obtain a prescriptive easement on the basis of their limited licenses. (See, also, Matter of Ford [Traub], 48 AD2d 473; see, generally, 17 NY Jur, Easements & Licenses, §§ 2, 3.)
The plaintiffs’ argument that various members within the class obtained their prescriptive rights for the required length of time through the method of “tacking”, holds no merit in this case since, by admission, the plaintiffs are not successive landowners or tenants, but merely licensees.
*450 On all the above, defendant GE’s motion is granted in its entirety, and plaintiffs’ cross motion herein is denied.